**James M. RIDENOUR, as Director of the Indiana Department of Natural Resources, Appellant,**

and

**Michigan City Charter Boat Association, Appellant,**

v.

**Clay FURNESS, Chris Furness, Jeff Furness, Mike Brazinski, Harold Bucy, Chris Camalick, Clem Cho, Bill Dickinson, John Hart, Lance Kaeding, Tom Mayoch and Howard Westerman, Appellees,**

and

**Phil Smidt & Son, Inc., Appellees.**

No. 06S01–8710–CV–963.

Supreme Court of Indiana.

Oct. 19, 1987.

Linley E. Pearson, Atty. Gen., Michael Schaefer, Deputy Atty. Gen., Indianapolis, for appellants.

Timothy F. Kelly, Randall J. Nye, Beckman, Kelly and Smith, Hammond, W. Theodore Robinette, Bulen & Castor, Indianapolis, for appellees.

GIVAN, Justice.

The Department of Natural Resources (DNR) promulgated an emergency order temporarily banning use of gill nets by fishermen in Lake Michigan. Commercial fishermen and a restaurant sought to enjoin the DNR's Director, James M. Ridenour, from enforcing the emergency order. The trial court issued a preliminary injunction against the DNR. The DNR brought this interlocutory appeal.

The Court of Appeals, in an opinion by Chief Judge Ratliff, reversed the trial court with Judge Sullivan dissenting. *Ridenour, et al. v. Furness, et al.* (1987), Ind.App., 504 N.E.2d 336.

This Court has granted transfer in this case, not because of disagreement with the majority, but because of the strong dissent by Judge Sullivan and the perceived need for this Court to write an opinion on a subject that is likely to generate litigation in the future. We adopt the opinion of Chief Judge Ratliff, with the exception that we do not rely upon the existence of a bond to declare that this appeal is not moot. We accept Chief Judge Ratliff's alternative position that this case comes under the public interest exception to the mootness doctrine.

We here reiterate for emphasis the quotation in Chief Judge Ratliff's opinion as follows:

" 'The law in Indiana is well settled that although a specific issue may be moot, the fact that it recurs year after year and is of great public interest is sufficient to allow the issue to be considered on its merits.' *Indiana Education Employment Relations Board v. Mill Creek Classroom Teachers Association* (1983), Ind., 456 N.E.2d 709, 712." *Id.* at 342.

In his dissenting opinion, Judge Sullivan takes the position that the issue is moot and should not come within the above exception because, although it is of public import, it is not likely to recur. We do not agree with Judge Sullivan's observation in this regard. The principle involved in the exception to the mootness doctrine is appli-

cable here because of the nature of the general regulations concerning the conservation of fish and game in Indiana, which the legislature has empowered the DNR to promulgate. Ind.Code § 14–2–3–1 *et seq.*

The nature of these regulations is such, due to their seasonal application and the requirement for nearly constant change, that the weapon of temporary injunction could be used to frustrate almost any regulation of the DNR. We therefore hold that this is a subject which should be addressed notwithstanding the mootness of the particular incident giving rise to the litigation.

We adopt Chief Judge Ratliff's opinion concerning the lack of standing of the appellees in this case to maintain this litigation. In his dissenting opinion, Judge Sullivan took the position that the parties do in fact have a property right in their licenses and found an analogy in a case involving liquor permits, saying: "Nevertheless, those licenses confer upon the holder a property interest, albeit perhaps a qualified or limited interest. *Lake County Beverage Co. v. 21st Amendment, Inc.* (1982), Ind.App., 441 N.E.2d 1008." *Id.* at 342. An examination of the Lake County case discloses that the majority quoted a 1945 statute, Ind. Code § 7–2–1–14, which contained the legislative policy statement that there was no property right in the permit or in the enjoyment thereof.

The majority in *Lake County Beverage Co.* took the position that the legislature had deleted this language from the statute, therefore, giving rise to a presumption that the legislature intended to change the law. They reasoned the legislature had established a property right in the license. However, the majority apparently overlooked a statute that was passed in 1973, Ind.Code § 7.1–3–1–2, which states: "A permittee shall have no property right in a wholesaler's, retailer's or dealer's permit of any type." Thus the legislature had reenacted its statement in the 1945 statute, which the Court of Appeals in *Lake County Beverage Co.* found to have been deleted. We thus hold that *Lake County Beverage Co.* is of no force in this case, and that Chief Judge Ratliff is correct in his

holding that the appellees have no standing to maintain this cause of action.

The trial court is reversed.

SHEPARD, C.J. and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., dissents without separate opinion.