STATE of Indiana ex rel. Patrick R. RALSTON, Relator,

v.

The LAKE SUPERIOR COURT, ROOM NO. 3 and the Honorable James Danikolas, as Judge Thereof, Respondents.

No. 49S00–8906–OR–449.

Supreme Court of Indiana.

Dec. 5, 1989.

Linley E. Pearson, Atty. Gen., Michael Schaefer, Deputy Atty. Gen., Indianapolis, for relator.

Gregory S. Reising, Gary, for respondents.

SHEPARD, Chief Justice.

The Lake Superior Court held the director of the Department of Natural Resources in contempt for his efforts to limit commercial fishing in Lake Michigan. The director sought relief from this Court, and we entered an alternative writ of prohibition directing the Lake Superior Court to vacate its order holding the director in contempt and to cease from exercising further jurisdiction in the contempt proceeding. We now make that writ permanent.

These proceedings are part of a continuing struggle between DNR and commercial fishermen who carry on their trade in Lake Michigan. Commercial fishermen traditionally removed Lake Michigan perch using gill nets. Such a net permits fish to swim into it, where they either become entangled or suffer such compression of their gills that they suffocate. Unfortunately, gill nets are indiscriminate. Their use in Lake Michigan resulted in widespread killing of salmon and trout, the commercial fishing of which is prohibited. Young chinook salmon are particularly vulnerable to gill nets. The Department thus found itself stocking the Lake with salmon at public expense only to have them killed by the tens of thousands in gill nets.

Throughout this decade, the Department has attempted to reduce or eliminate use of gill nets in the Lake. In June 1983, former director James M. Ridenour issued an emergency order limiting license holders to the use of only 5000 feet of gill net at any one time, prohibiting the tending of nets during night-time hours, and requiring a color-coded, direction net marking system. This order was designed to cover the 1983 fishing season; by its own terms, it expired on December 31, 1983.

Michael P. Hagerty, the holder of a 1983 commercial fishing license, filed a complaint in the Lake Superior Court seeking injunctive relief and compensation. He sought to enjoin Ridenour from enforcing the emergency order, arguing that it was arbitrary and capricious and had taken his business from him without just compensation. The court granted Hagerty's request for injunctive relief and enjoined Ridenour from enforcing the June order. It appears that this injunction was not appealed.

Another round of litigation was initiated when Ridenour banned the use of gill nets in Lake Michigan for a six-week period commencing September 15, 1986. Twelve commercial fishermen sought injunctive relief, and the Marion Circuit Court enjoined Ridenour from enforcing the ban. The Court of Appeals reversed, concluding that the trial court had abused its discretion. It held that none of the private parties to the litigation possessed any recognized property right capable of being harmed. It noted the General Assembly's determination that "[a]ny and all wild animals ... shall be the property of the people of the state of Indiana and the protection, reproduction, care, management, survival and regulation of the wild animal population shall be entrusted to the division of fish and wildlife of the Department of Natural Resources." *Ridenour v. Furness* (1987), Ind.App., 504 N.E.2d 336, 339.

This Court agreed that the private parties lacked any recognized property right and thus did not have standing to seek an injunction against the Department's regulations. We granted transfer to reaffirm that rule, noting that the legal weapon plaintiffs had chosen, temporary injunction, had the capacity to frustrate the Department's legitimate rule-making duties. Although the question was technically moot, we affirmed the Court of Appeals decision because we recognized this was "a subject that is likely to generate litigation in the future." *Ridenour v. Furness* (1987), Ind., 514 N.E.2d 273. Obviously, this was a prediction you could take to the bank.

The General Assembly outlawed the use of gill nets altogether beginning January 1,

1989.[1] With gill nets outlawed, only trap nets remained. The Department issued regulations permitting each holder of a commercial fishing license to employ seven trap nets, each containing two pots. Ind. Admin.Code tit. 310, r. 3.1–8–3(d)(8) (1989). Dissatisfied with this regulation, but not interested in pursuing his administrative remedies, Michael P. Hagerty initiated contempt proceedings in the Lake Superior Court against the Department's new director, Patrick R. Ralston. Haggerty asserted that the director was in contempt of the 1983 order. The Lake Superior Court agreed, found Ralston in contempt, and ordered him to appear for sentencing within ten days.

Before sentencing could occur, Ralston sought this writ of prohibition pursuant to Rule 3 of the Ind.Rules of Procedure for Original Actions. We concluded that the writ of prohibition should issue to the respondent court for two reasons.

 First, the injunction issued in 1983 by the Lake Superior Court prohibited enforcement of director Ridenour's emergency order against Hagerty or his license until further order of the court. Ridenour's order itself, however, expired at the end of that calendar year, as did Hagerty's license. Ind.Code § 14–2–7–11 (West Supp. 1989). When the license expired at the end of 1983, it no longer conveyed any rights on Hagerty. *See Ridenour v. Furness,* 504 N.E.2d at 340. Thus, the 1983 injunction of the Lake Superior Court became moot when Ridenour's order and Hagerty's 1983 license expired.

 Second, just like the plaintiffs in *Ridenour v. Furness,* Hagerty possesses no property right that vests him with standing to seek an injunction against the Department's regulations. He has no property interest in the fish. The fish belong to all the people. *See Smith v. State* (1900), 155 Ind. 611, 58 N.E. 1044.

The alternative writ of prohibition issued earlier is now made permanent.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

---

1. Act effective Apr. 30, 1987, Pub.L. No. 180, § 1, 1987 Ind.Acts 2201, 2202 (codified as amended at Ind.Code § 14–2–7–11(d) (West Supp.1989)).