MARION NATIONAL BANK OF MARION, a national banking association, and First National Bank in Marion, a national banking association, Plaintiffs,

v.

James J. SAXON, Comptroller of the Currency of the United States, the Van Buren Bank, an Indiana corporation, Thomas Marcuccilli, an individual, Ralph Marcuccilli, an individual, A. L. Hodson, an individual, Robert L. Wright, an individual, and Kenneth A. Wright, an individual, Defendants.

Civ. No. 1822.

United States District Court
N. D. Indiana,
Fort Wayne Division.

Dec. 15, 1966.

374

William F. Welch and David Cook, McHale, Cook & Welch, Indianapolis, Ind., on behalf of Marion National Bank of Marion.

David L. Kiley and Albert C. Harker, Harker, Kiley & Osborn, Marion, Ind., on behalf of First National Bank in Marion.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., and C. Westbrook Murphy, U. S. Dept. of Justice, Washington, D. C., on behalf of the Comptroller of the Currency of the United States.

Wasson J. Wilson and Fred Donnersberger, Wilson, Benne & Feingold, Hammond, Ind., and J. A. Bruggeman, Bar-

rett, Barrett & McNagny, Fort Wayne, Ind., on behalf of The Van Buren Bank.

Henry C. Ryder, Roberts & Ryder, Indianapolis, Ind., on behalf of Ralph and Thomas Marcuccilli.

Thurman Biddinger, Biddinger & Johnson, Marion, Ind., on behalf of A. L. Hodson.

William M. Bloom, Bloom & Bloom, Columbia City, Ind., on behalf of Robert L. Wright and Kenneth A. Wright.

## MEMORANDUM OF DECISION AND PRELIMINARY INJUNCTION

ESCHBACH, District Judge.

This is a suit by two national banks located in the city of Marion, Grant County, Indiana, seeking a declaration that certain conduct about to be engaged in by the defendant, The Van Buren Bank, and certain indicated action of the Comptroller of the Currency is unlawful and denies to the plaintiffs due process of law. In addition, plaintiffs seek a preliminary injunction and, upon final determination on the merits, a permanent injunction.

The cause is now before the Court upon plaintiffs' request for a preliminary injunction. Pursuant to notice, hearings were held on November 7 and December 1, 1966, at which time evidence was produced and arguments heard relative to the preliminary injunction issue.

The defendant, The Van Buren Bank, filed with the defendant, James J. Saxon, Comptroller of the Currency, (hereinafter referred to as Comptroller) a single bound application, with supporting exhibits, seeking (a) to be chartered as a national banking association, (b) to move its principal office twelve miles from Van Buren, Grant County, Indiana, to 315 South Adams Street in Marion, Grant County, Indiana, and (c) to retain its former office in Van Buren, Indiana, as a branch. 315 South Adams Street in Marion, Indiana, is approximately one block from the principal offices of both the plaintiffs, First National of Marion and Marion National Bank in Marion. The Comptroller of the Currency, on October 7, 1966, indicated in writing his preliminary approval of the application in three parts, subject to compliance by The Van Buren Bank with certain conditions imposed by the Comptroller in accordance with law. However, the Comptroller has not issued the final certificate authorizing The Van Buren Bank, as converted, to begin operations in Marion, Indiana, or to retain its Van Buren office as a branch. It is the issuance of this final certificate of authorization and the conduct of The Van Buren Bank thereby permitted which plaintiffs now seek to prevent pending determination of this cause on its merits.

Plaintiffs contend that the procedures employed by defendant, The Van Buren Bank, and preliminarily approved by the Comptroller, insofar as they are directed toward enabling The Van Buren Bank to enter into the banking business within the city limits of Marion, Indiana, and to retain its office in Van Buren as a branch bank, is a subterfuge intended solely to circumvent the provisions of the National Banking Act and the laws of the State of Indiana relative to the establishment of branch banks. 12 U.S.C. § 36(c) and Burns' Ind.Stat. § 18–1707 (1964 Repl.). Section 36(c) (2) of the National Banking Act (12 U.S.C.A. § 36(c) (2)) provides in substance that a national banking association may, with the approval of the Comptroller of the Currency, establish and operate new branches in any point within the state if such branch is at the time authorized to state banks by the statutes of the state in question "by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks."

Section 18–1707 of the Indiana branch banking law provides in pertinent part that any bank or trust company

"may open or establish a branch bank in any city or town within the limits of the county in which the principal office * * * is located, *if there is no bank or trust company located in*

*such city or town * * *."* (Emphasis added.)

Plaintiffs contend that The Van Buren Bank, as a state bank located in Grant County, Indiana, could not under Indiana law and the facts involved in this case locate a branch bank in the city of Marion, Grant County, Indiana. Examination of the relevant Indiana statute indicates that this is true. Burns' Ind.Stat. § 18–1707 (1964 Repl.). The Van Buren Bank's present and only location is in Van Buren, Indiana. Though both Van Buren and Marion are in Grant County, The Van Buren Bank would not be able to branch to Marion under the Indiana branch banking law because there presently exists at least one bank already located in Marion. This much has been conceded by counsel for the Comptroller of the Currency in oral argument before this Court. It is clear that a *national* banking association located in Van Buren, Indiana, would be subject to the same branch banking restrictions as would a state banking institution located there. 12 U.S.C. § 36(c); Union Savings Bank of Patchogue v. Saxon, 118 U.S.App.D.C. 296, 335 F.2d 718 (1964); National Bank of Detroit v. Wayne Oakland Bank, 252 F.2d 537 (6th Cir. 1958).

It is one of plaintiffs' principal contentions that the three-part action proposed by the defendant, The Van Buren Bank, and preliminarily approved by the Comptroller, in actual effect constitutes "reverse" branching and, as such, is a subterfuge to circumvent the relevant section of the Indiana Financial Institutions Act, Burns' Ind.Stat. § 18–1707 (1964 Repl.). See 12 U.S.C. § 36(c).

The individual defendants are directors of The Van Buren Bank and are directors of several other state banking institutions which have made previous efforts to establish either a state branch bank within less than one mile of the city limits of the city of Marion or have endeavored to locate a new state bank within the city of Marion at the same location now sought in Van Buren's current application to the Comptroller. These efforts were not approved by the Indiana Department of Financial Institutions.

Plaintiffs also contend that this conduct, in light of the holdings of the individual defendants, allegedly such as would place them within the proscription of the Indiana Bank Holding Company Act, would constitute a violation by them of the Act, Burns' Ind.Stat. §§ 18–1814 to 18–1817, and, because of such violation, would be contrary to the intendment of the federal Bank Holding Company Act. See 12 U.S.C.A. § 1846. It is in connection with this contention that the individual defendants, other than the Comptroller, have been named as parties to this action. Each of the individual defendants have filed motions to dismiss as to them for lack of jurisdiction. These motions to dismiss will be separately ruled on by this Court, and the bank holding company issue need not be reached for purposes of consideration of the request for preliminary injunction.

In opposition to plaintiffs' contentions, the defendant, Comptroller, argues that although the applications of The Van Buren Bank were simultaneously filed in one binding and preliminarily approved in one letter from the Comptroller, they are in fact three separate applications and must be separately considered to determine the propriety and lawfulness of the whole. Each of the three applications purports to draw its authority from a different section of the National Banking Act, 12 U.S.C. §§ 30, 35, and 36(c). The Comptroller's and The Van Buren Bank's position is that if each of these three applications, viewed independently, is unobjectionable under the relevant separate section of the Act, the three applications taken together should be unobjectionable. In this regard, The Van Buren Bank and the Comptroller argue that what The Van Buren Bank proposes to accomplish by the use of its three-step transformation, relocation and retention of its former banking location as a branch, does not amount to prohibited branch banking within the city of Marion. This contention is based on what

plaintiffs have characterized as a "fragmentation" approach to an analysis of Van Buren's proposed plan. By this approach, and after The Van Buren Bank has been converted to a national banking association, 12 U.S.C. § 35, the establishment in Marion of The Van Buren Bank is viewed merely as a "relocation" of an existing national bank pursuant to 12 U.S.C. § 30, which may be approved by the Comptroller without reference to state banking law. At this point, the argument continues, the "relocated" Van Buren Bank, now in Marion, may establish, or retain, a "branch" in the town of Van Buren, Indiana, now (post relocation) without an existing banking facility and therefore is permissible under the Indiana branch banking law, Burns' Ind.Stat. § 18–1707 (1964 Repl.), (incorporated by reference into the National Banking Act's branch banking provision, 12 U.S.C. § 36(c) (2), and made a part of the controlling federal law in this forum). See Commercial State Bank of Roseville v. Gidney, 174 F.Supp. 770 (D.D.C.1959), aff'd per curiam 108 U.S.App.D.C. 37, 278 F.2d 871 (1960). The defendants see as the only branching question in this case the retention of The Van Buren Bank's former office in Van Buren, Indiana. Since either a state or national bank could unobjectionably branch *into* Van Buren, Indiana, if no other bank or trust company existed there at the time, the defendants contend that The Van Buren Bank's entire proposed plan must pass muster. Accordingly, it is argued, the Comptroller's preliminary approval of The Van Buren Bank's petition and plan is valid and within the bounds of the discretion vested in him by Congress and may not be overturned by this court.

The court finds that for present purposes it has jurisdiction of the subject matter of this action insofar as it relates to the demand for preliminary injunction and has personal jurisdiction over the defendants, The Van Buren Bank and James J. Saxon, Comptroller of the Currency of the United States. In addition, the court finds that plaintiffs have standing to bring this suit. Notwithstanding that the National Banking Act vests the Comptroller with discretion with respect to the approval of applications for branch banks, and mindful that plaintiffs have no common law or statutory right to be protected against lawful banking competition, Whitney National Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 116 U.S. App.D.C. 285, 323 F.2d 290 (1963), rev'd on jurisdiction, 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965), nevertheless, the discretion vested in the Comptroller is limited by a specific statutory reference to state branch banking law. See Commercial State Bank of Roseville v. Gidney, 174 F.Supp. 770 (D.D.C.1959), aff'd per curiam, 108 U.S.App.D.C. 37, 278 F.2d 871 (1960). Plaintiffs are validly before this court, claiming that irreparable injury is likely to occur to their banking interests unless this court acts to temporarily enjoin these defendants, *pendente lite,* from furthering their plan. Plaintiffs' claim for relief is based on alleged *unlawful* federal administrative action on the part of the Comptroller in preliminarily approving defendant's application in face of an alleged violation of Section 36(c) and its self-imposed limitation of state branch banking law. To the extent that plaintiffs allege that the Comptroller exceeded the scope of his delegated power in preliminarily approving The Van Buren Bank's applications to enter the banking community of Marion, the plaintiffs have standing to test the validity of the Comptroller's determination. See National Bank of Detroit v. Wayne Oakland Bank, 252 F.2d 537 (6th Cir. 1958).

The city of Marion, Grant County, Indiana, has a population of approximately 40,000. The plaintiff, First National Bank in Marion, has three branches located within the city limits, and the plaintiff, Marion National Bank of Marion, has two branches. The total deposits of the First National Bank in Marion as of September 20, 1966 were approximately $26,000,000, and the total deposits of the plaintiff, Marion Na-

tional, on the same date were approximately $32,000,000. These plaintiffs are the only banks, either state or national, now located in Marion, Indiana. The defendant, The Van Buren Bank, is a state bank with its principal and only office located in Van Buren, Grant County, Indiana. Van Buren is approximately 12 miles from the city of Marion, Indiana, and has a population of between 1,200 and 1,400. Total deposits of The Van Buren Bank on June 30, 1966 were approximately $2,000,000. The present directors of The Van Buren Bank are an aggressive group of able individuals who within the last several years have significantly increased their holdings in bank stocks in numerous Indiana state banks.

■ Plaintiffs have shown by evidence acceptable to this court that if the defendant, The Van Buren Bank, is allowed to pursue its plan to conclusion, the damages that would be sustained by each plaintiff if it is later determined, after final disposition of this matter on the merits, that the approval granted by the Comptroller was unlawful and that The Van Buren Bank is unlawfully engaging in the banking business in Marion, would be substantial, incalculable, and irreparable. Reliable estimates indicate that if permitted to complete its present plan, The Van Buren Bank would take approximately $1,000,000 in time and demand deposits from the First National Bank in Marion during the first year of operation, resulting in a loss of earnings to the bank of approximately $70,000. In addition there would be losses of trust assets and losses in probate business which cannot now and could not later be accurately measured, and would be irreparable. Reliable estimates place the losses of plaintiff, Marion National Bank, at about 10% of its total time and demand deposits during the first year, resulting in an estimated loss of earned income of approximately $125,000. It would likewise sustain additional inestimable and incalculable losses in its trust department. It seems clear to this Court from the evidence that once such losses occur by virtue of the presently anticipated activity on the part of The Van Buren Bank with the approval of the Comptroller of the Currency, this business would, for the most part, be lost permanently even though The Van Buren Bank might subsequently be required to return to Van Buren if the plaintiffs are successful on the merits in the final determination in this cause.

■ Plaintiffs now seek to retain the status quo of their position and that of The Van Buren Bank pending a final determination of this cause. The issuance of a preliminary injunction as prayed for in this action would have just this effect. The preliminary injunction, under the facts at bar, would not have the effect of *changing* either party's relationships with the other, but would simply hold them in their pre-existing positions. Defendant, The Van Buren Bank, has been unable to show by any convincing evidence that it would be likely to sustain irreparable or even appreciable damage if an injunction is here issued and it later happens that defendants prevail on the merits. Of the total additional capital which The Van Buren Bank must raise to meet the requirements established by the Comptroller in his preliminary approval, only approximately one-half has been subscribed, and none has yet been paid in. There is no evidence that would indicate that the necessary capital would not still be available to The Van Buren Bank at such later date as the merits in this cause are determined. Moreover, the building into which The Van Buren Bank seeks to locate, at 315 South Adams Street in the city of Marion, is owned by the Ken Corporation. The directors of the Ken Corporation are common to at least a majority of the directors of The Van Buren Bank. The necessary improvements to the building at 315 South Adams Street in the city of Marion have not yet been commenced. There is no written option or lease now in existence on the building, and it has apparently been held available for The Van Buren Bank by voluntary action of the Ken Corporation directors. There is nothing to indicate that the issuance of a pre-

liminary injunction will in any way adversely affect The Van Buren Bank's opportunity to occupy the building at 315 South Adams Street in the city of Marion in the event it should be successful in the final determination of this cause. It appears, therefore, that the defendants are not able to show any potential injury that might be sustained by The Van Buren Bank in the event that a preliminary injunction is issued and defendants later prevail on the merits.

■ Plaintiffs' complaint presents substantial and complex issues for determination by this Court concerning the applicability and construction of the state and national banking laws. That The Van Buren Bank could not branch *into* Marion, Indiana, at the present time has been previously indicated. Defendant The Van Buren Bank's proposed plan to steer around the barrier of state branch banking restrictions is not novel or unique. See Bank of Dearborn v. Saxon, 244 F.Supp. 394 (D.C. Mich. 1965); and cf. Bank of New Orleans & Trust Co. v. Whitney National Bank, in Jefferson Parish, 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965), and First National Bank in Billings v. First Bank Stock Corp., 197 F.Supp. 417 (D.C. Mont. 1961). However, if by The Van Buren Bank's three-part application to convert, relocate, and retain a branch, it seeks to realize indirectly what it could not realize directly under either state or federal banking law, and if it be ultimately determined that what is labeled by The Van Buren Bank as a "relocation" is in legal effect a branching by Van Buren into Marion, this Court will not be blinded by the form of the transaction whereby this result is hoped to be accomplished. On well-known analogy to other areas of the law where form is sometimes used to seek to attain a desired and otherwise prohibited end, Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788 (1940) (taxation), Schenley Distillers Corp. v. U. S., 326 U.S. 432, 66 S.Ct. 247, 90 L.Ed. 181 (1946) (corporate entity), this Court can and will look to the substance of the instant transactions in order to determine their legal effect.

■ It is not necessary at this time for the Court to determine the merits of all the various positions advanced by the parties in this cause. For purposes of plaintiffs' motion for a preliminary injunction, it is sufficient in order to grant the relief sought if this court finds, on the basis of the present status of the record, that on a comparison of the relative injury that might be occasioned to plaintiffs, on the one hand, from a denial of their prayer for preliminary injunction and to defendants, on the other hand, from the granting of plaintiffs' prayer, and considered in light of the reasonable probability for ultimate success on the merits, the prayed for injunctive relief is necessary in order to prevent irreparable and unconscionable harm to the petitioners. See Corica v. Ragen, 140 F.2d 496 (7th Cir. 1944). See also, on the question of how far the petitioner need go in demonstrating his chances of ultimate success on the merits, Crane Co. v. Briggs Mfg. Co., 280 F.2d 747 (6th Cir. 1960) ("reasonable probability"), W. E. Bassett Co. v. Revlon, Inc., 354 F.2d 868 (2 Cir. 1966) ("reasonably probable"), Chicago South Shore & South Bend Railroad v. Monon Ry., 235 F.Supp. 984 (D.C. Ill. 1964) ("probable cause for ultimate relief").

In Doeskin Products, Inc. v. United Paper Co., 195 F.2d 356 (7th Cir. 1952), the Court of Appeals for this circuit referred to the proper balancing of the factors previously mentioned above, in considering a petition for temporary injunction, by quoting from Perry v. Perry, 88 U.S.App.D.C. 337, 190 F.2d 601, 602 (1951):

> "[The Court must] exercise its discretion 'upon the basis of a series of estimates: the relative importance of the rights asserted and the acts sought to be enjoined, the irreparable nature of the injury allegedly flowing from denial of preliminary relief, the probability of ultimate success or failure

of the suit, the balancing of damage and convenience generally.' "

■■■■ It has been clearly shown by the evidence that the danger of substantial losses of deposits and service business, with consequent losses of profits is very real, while the relative harm that could befall the defendant, The Van Buren Bank, as a result of the imposition of a preliminary injunction was shown to be highly speculative at most. This Court, having considered the evidence submitted and the briefs and argument of counsel, has concluded that there is a reasonable probability of the plaintiffs being successful on the merits. Obviously, such a preliminary indication is not binding on this Court in the final determination of this cause on its merits, and subsequent evidence and consideration may indicate otherwise. Nor is it to be implied that the Court has adverted to or dealt with all of the issues raised by plaintiffs' complaint within the four corners of this memorandum of decision. This Court need only consider the probability of ultimate success in its present context as it relates to the issues presented by plaintiffs' request for a preliminary injunction. It is anticipated that this cause will be reached for trial and final determination within approximately six to eight months.

■■■■ Counsel for the Comptroller of the Currency, and others of the able attorneys appearing before this Court in the instant cause, have on occasion presented arguments concerning the public interest, the wisdom of the Comptroller's determination, and the need or lack of need for a new banking institution in the city of Marion. As the Court has advised counsel during oral argument, Congress has seen fit to charge the Comptroller of the Currency with the administration of the National Banking Act and supervision of the National Banking System. It is not the function of this Court to review the discretionary determinations of the Comptroller of the Currency, and this Court will not do so. However, the expertise of the Comptroller and the actions taken by him must be exercised within the limitations imposed by Congress. The question in the instant case, simply stated, is whether the Comptroller has done so. In this regard, the plaintiffs have made a strong showing that the action of The Van Buren Bank as preliminarily approved by the Comptroller may well be unlawful and not within the limitations imposed by Congress. It seems clear, therefore, that a preliminary injunction should issue pending final determination of this cause on its merits.

This memorandum of decision contains the Court's findings of fact and conclusions of law in regard to the issues presented by plaintiffs' request for a preliminary injunction.

## PRELIMINARY INJUNCTION

It is therefore considered, ordered and decreed that the defendant, The Van Buren Bank, its officers, directors, agents, employees, and all persons in active concert or participation with it be, and each of them hereby is, enjoined, pending final determination of this cause, from taking any further action to convert the defendant, The Van Buren Bank, from a state banking institution to a national banking association, to change the location of the principal, or main, office of the defendant, The Van Buren Bank, from Van Buren, Indiana, to Marion, Indiana, or to establish the former principal, or main, office of the defendant, The Van Buren Bank, as a branch of the said converted and relocated institution.

It is further considered, ordered and decreed that the defendant, the Comptroller of the Currency of the United States, his deputies, agents and employees be, and each of them hereby is, enjoined, pending final determination of this cause, from issuing final approval of any of the aforesaid actions.

It is further considered, ordered and decreed that the plaintiffs shall file with the clerk of this court a bond in the penal sum of Fifty Thousand Dollars ($50,000) with good and sufficient surety

approved as provided in Rule 4 of the Rules of this court and conditioned as required by Rule 65 of the Federal Rules of Civil Procedure, and that this preliminary injunction shall become effective upon the filing with the clerk of this court of such bond.

It is further ordered that this preliminary injunction shall remain in full force and effect until final determination of this cause and until further order of this Court.