MEDICAL LICENSING BOARD OF INDIANA, AND EDWARD L. HOLLENBERG, ERNEST R. BEAVER, JAMES N. HAMPTON, ISADORE J. KWITY, JOHN MADER, BRUCE C. BRINK, INDIVIDUALLY AND AS MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA *v.* INDIANA STATE CHIROPRACTIC ASSOCIATION, INC., INDIANA SOCIETY OF CHIROPRACTIC PHYSICIANS, INC.

[No. 2-976A339. Filed March 29, 1978.]

*Theodore L. Sendak*, Attorney General of Indiana, *David A. Miller*, Deputy Attorney General, *Lew Zaharako*, Deputy Attorney General, for appellants.

*William A. Waddick, Kunz and Kunz, Kenneth C. Kern, Kenneth C. Kern & Associates*, of Indianapolis, for appellees.

SULLIVAN, J. — On July 11, 1972, the Medical Licensing Board of Indiana (the Board) adopted a resolution purporting to limit by definition the scope of chiropractic practice. The resolution was mailed to all chiropractors licensed in Indiana and read as follows:

> "Chiropractic analysis does not include the performance or interpretation of cardiogram procedures, blood tests, microscopic urinalysis, pap smears, and other such tests which are used in establishing a medical diagnosis."

In July, 1976, the Board proposed that the 1972 resolution be promulgated as a rule and, further, that other rules be enacted defining those acts constituting the unlawful practice of medicine by chiropractors. Before any further action was taken by the Board, the Indiana State Chiropractic Association, Inc. and the Indiana Society of Chiropractic Physicians, Inc. (the Associations) filed suit seeking declaratory and injunctive relief.[1] The trial court granted the Associations' prayer for relief and enjoined the Board from (1) determining the scope of chiropractic practice, (2) specifying those acts by chiropractors constituting the unlawful practice of medicine and (3) specifying those acts of chiropractors punishable as a felony. From this Order the Board appeals, raising several issues for review. However, we need address only the issue of standing to sue.

In *City of Indianapolis v. Indiana State Board of Tax Commissoners* (1974), 261 Ind. 635, 308 N.E.2d 868, the Supreme Court described the general nature of Indiana's standing rules as follows:

---

1. At oral argument, counsel for appellees stipulated that the 1972 resolution was not the subject of attack. Appellees' theory is that any board action regulating the scope of chiropractic practice is without statutory authority.

"For disposition of cases and controversies, the Court requires adverse parties before it. Standing focuses generally upon the question of whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, standing is a restraint upon this Court's exercise of its jurisdiction in that we cannot proceed where there is no demonstrable injury to the complainant before us . . . ." 308 N.E.2d at 870.

Thus, the standing rules in Indiana are stated in terms of requiring a party to show injury. *Board of Commissioners v. Kokomo City Plan Commission* (1975), 263 Ind. 282, 330 N.E.2d 92, 96. A plaintiff must suffer a pecuniary injury or interference with a private legal right.[2] *Indiana Alcoholic Beverage Commission v. McShane* (1976), 170 Ind. App. 586, 354 N.E.2d 259, 266.

The Associations contend that they have been injured in at least two ways. First, they argue that the proposed rules would emasculate the practice of chiropractic in Indiana. This is said to follow from their assertion that if prohibited (by rule) from employing necessary diagnostic techniques, their members would be subject to malpractice claims for failing to meet the minimum standard of medical care. Yet, the Associations have failed to show that they possess any legal interest which might be infringed or injured by the possibility of malpractice suits against their members. Any potential injury would be to an individual chiropractor and not the Associations.

The other argument advanced is that the Associations have a statutory duty to provide continuing education to all licensed chiropractors in Indiana and that the proposed rules would impair that duty.[3]

---

2. The present appeal seeks to vindicate a private legal right. We do not purport to affect those rules of standing developed for taxpayers and other parties who seek vindication of public rights. See *Montagano v. City of Elkhart* (1971), 149 Ind. App. 283, 271 N.E.2d 475.

3. IC 25-10-1-6 (Burns Code Ed. Supp. 1977) provides in pertinent part:

"* * *

Hereafter, such applicant for [license] renewal shall furnish evidence of attendance during each preceding licensing year at not less than one [1] two-day chiropractic educational conference or seminar. Such conference or seminar may be conducted by the Indiana State Chiropractic Association, Inc., or other established chiropractic organization or college providing similar educational opportunities and acceptable to the Indiana State Chiropractic Association, Inc., and the board . . . ."

They concede, however, that continuing education efforts would not be completely thwarted. The most that could be said is that the proposed rules reduce the number of substantive courses available at the seminars. Thus, the question is whether any cognizable injury is inflicted upon a recognized legal right by the Board's proposed limitation of chiropractic practice.

The statute does not mandate that any particular area of medicine of chiropractic be taught in continuing education programs. Indeed, the right to present educational programs is not impaired. We fail to perceive any cognizable injury to these educational efforts by the Board's delineation of the allegedly appropriate scope of chiropractic practice.

There is nothing of record tending to show that the Associations have suffered a "demonstrable injury." See *City of Indianapolis v. Indiana State Board of Tax Commissioners, supra,* 308 N.E.2d at 870. Further, there has been no showing that the Board's actions infringed upon a legally protected interest possessed by the Associations. Indeed, it seems that the injury suffered by the Associations, if any, derives from the injury suffered by their members. Because they are injured, if at all, only indirectly, the Associations lack the requisite standing to sue.

Accordingly, the Order appealed is vacated and set aside and the injunction is hereby dissolved.

White, J. and Hoffman, J. (participating by designation) concur.

NOTE — Reported at 373 N.E.2d 1114.