The WINE & SPIRITS WHOLESALERS OF INDIANA, The National Wine & Spirits Corporation, and The Olinger Distributing Company, Inc., Appellants (Plaintiffs Below),

v.

INDIANA ALCOHOLIC BEVERAGE COMMISSION and Indiana Wholesale Wine & Liquor Company, Inc., Appellees (Defendants Below).

No. 49A02–8902–CV–52.

Court of Appeals of Indiana, Second District.

July 11, 1990.

Evan E. Steger, Reed S. Oslan, Ice Miller Donadio & Ryan, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Robin L. Babbitt, Joseph M. Scrodro, Bingham Summers Welsh & Spilman, Indianapolis, for appellees.

SHIELDS, Presiding Judge.

Wine & Spirits Wholesalers of Indiana, The National Wine & Spirits Corporation, and The Olinger Distributing Company, Inc. (Wholesalers) appeal an adverse judgment in their action against the Indiana Alcoholic Beverage Commission (IABC) and Indiana Wholesale Wine & Liquor Company, Inc. (Indiana Wholesale).

We affirm.

### ISSUE

Whether Wholesalers have standing under the Administrative Orders and Procedures Act, IC 4–21.5 (1988) or the Uniform Declaratory Judgment Act, IC 34–4–10 (1988).

### FACTS

On September 16, 1987 the IABC issued a wholesale wine and liquor permit to Indiana Wholesale; on September 28, 1987 Wholesalers, holders of previously issued wholesale wine and liquor permits, brought this action challenging Indiana Wholesale's permit.[1] The amended complaint sought judicial review of the administrative issuance of the wholesale wine and liquor permit and, in the alternative, a declaratory judgment on the propriety of the permit. All parties filed motions for summary judgment; the trial court granted the IABC's motion and entered judgment against Wholesalers on their amended complaint. Wholesalers appeal.

---

**1.** The Wine & Spirits Wholesalers of Indiana is a trade organization; however, that distinction is inconsequential.

### DISCUSSION

#### A.

Wholesalers argue the trial court erred in granting summary judgment against them on the ground they did not have standing to initiate and pursue an action for judicial review of the IABC's issuance of the wholesale wine and liquor permit under the Administrative Orders and Procedures Act, IC 4–21.5.

Wholesalers assert they meet the standing requirements of IC 4–21.5–5–3(a)(4) (1988) as a "person otherwise aggrieved or adversely affected by the agency action." IC 4–21.5–5–3(b) (1988) identifies a "person otherwise aggrieved or adversely affected by the agency action" as follows:

(b) A person has standing under subsection (a)(4) only if:

(1) the agency action has prejudiced or is likely to prejudice the interests of the person;

(2) the person:

(A) was eligible for an initial notice of an order or proceeding under this article, was not notified of the order or proceeding in substantial compliance with this article, and did not have actual notice of the order or proceeding before the last date in the proceeding that the person could object or otherwise intervene to contest the agency action; or

(B) was qualified to intervene to contest an agency action under IC 4–21.5–3–21(a), petitioned for intervention in the proceeding, and was denied party status;

(3) the person's asserted interest are among those that the agency was required to consider when it engaged in the agency action challenged; and

(4) a judgment in favor of the person would substantially eliminate or redress the prejudice to the person

caused or likely to be caused by the agency action. IC 4–21.5–5–3(b) (1988).

Wholesalers concede they do not satisfy the subsection (b)(2) requirement of an aggrieved or adversely affected person because the requirements relate to proceedings under Chapters 3 and 4 which do not apply to determinations of the IABC:

This article does not apply to the formulation, issuance, or administrative review (but does apply to the judicial review) of ... (2) Determinations by the Indiana Alcoholic Beverage Commission.

IC 4–21.5–2–6. Indeed, according to Wholesalers, no person can ever have standing as an aggrieved or adversely affected person. Consequently, Wholesalers assert they must be afforded standing to avoid the anomalous situation where there is no judicial review of the IABC's determination to issue a permit to Indiana Wholesale even in the face of the claim the issuance is contrary to law and in excess of the IABC's constitutional authority.[2] According to Wholesalers, this result "certainly is contrary to the intent and purpose of the Administrative Orders and Procedures Act." Appellants' Brief at 42.

We disagree. The apparent legislative intent and purpose in including a statutory standing requirement in the Administrative Orders and Procedures Act is to limit the persons who have standing as aggrieved or adversely affected persons; if a person does not have standing, the legislative prerogative is to deny the person review under the Act. Of course, the legislature cannot deny review to a person who due process requires must have a right of review. For example, here, due process protection is afforded by IC 4–21.5–5–3(a)(1–3):

(a) The following persons have standing to obtain judicial review of an agency action:

(1) A person to whom the agency action is specifically directed.

(2) A person who was a party to the agency proceedings that led to the agency action.

(3) A person eligible for standing under a law applicable to the agency action.

If due process requires judicial scrutiny to yet other persons, it will be provided in another action. In any event, Wholesalers do not claim due process entitlement.

B.

■ Alternatively and independently, Wholesalers argue the trial court erred in denying relief under their claim for declaratory relief. Also, Wholesalers claim the trial court's judgment is erroneous because it failed to make the special findings of fact required by Ind.Trial Rule 52.[3]

There is no merit to Wholesalers's claim the trial court erred in failing to enter special findings of fact on their claim for declaratory judgment because "[f]indings of fact are unnecessary on decisions of motion under Rules 12 or 56." Ind.Trial Rules 52(a).

Wholesalers claim the trial court erred in denying declaratory relief because the "judiciary has the inherent authority to review actions of administrative agencies to determine whether they have acted with [sic] the scope of their jurisdiction, and the mechanism to do so is an action for declaratory judgment." Appellants' Brief at 43.

2. In this case, the claim is the issuance of the permit is contrary to law because Indiana Wholesale does not meet the statutory residency requirement. Wholesalers make the credible argument the requirement in IC 7.1–3–21–5 (1988) that sixty percent (60%) of the outstanding common stock of an alcoholic beverage wholesalers permit shall be owned by bona fide, five-year Indiana residents requires the controlling ownership interest in the corporate permittee be bona fide, five-year Indiana residents. It is undisputed Indiana Wholesale does not meet this requirement.

3. Wholesalers state in their appellants' brief at page 41 that "these Appellants have standing as parties to the agency proceedings that led to the agency action." We do not construe that statement, unsupported by argument, as a claim the trial court erred in denying Wholesalers standing because they qualified for standing under IC 4–21.5–5–3(a)(2). In any event IC 4–21.5–1–10 defines "party" as "(1) a person to whom the agency action is specifically directed; or (2) a person expressly designated in the record of the proceeding as a party to the proceeding." Wholesalers fail to qualify under either alternative.

The critical issue is not whether the trial court has inherent authority to review the instant administrative action but rather whether the parties seeking relief, Wholesalers, have standing to invoke the court's jurisdiction.

Wholesalers correctly note Ind.Trial Rule 57 specifically declares a property right is not a prerequisite to the grant of declaratory relief.[4] However, that fact does not conflict with the statutory elements of a right of action for declaratory relief. The Uniform Declaratory Judgment Act provides

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising out of the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

IC 34–4–10–2 (1988). Wholesalers are not interested under a deed, will, written contract or other writing constituting a contract. Neither do Wholesalers have rights, status or other legal relations that have been affected by a statute, municipal ordinance, contract or franchise. The rights, status or legal relationships Wholesalers have are in the continued validity of their own permits, licenses to wholesale wine and liquor in competition with all other holders of similar licenses. These rights, status and legal relationships have not been altered by the IABC's issuance of the subject permit. Wholesalers' asserted harm, "loss of business, loss of profit, and confusion of the wholesale liquor and wine market in Indiana," Record at 36, are not rights protected by their permits. Therefore, as a matter of law, Wholesalers do not have standing and, therefore, the trial court did not err in granting IABC's motion for summary judgment.

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.

---

**4.** Alternatively, Wholesalers cite *Lake County Beverage Co. v. 21st Amendment, Inc.* (1982), Ind.App., 441 N.E.2d 1008. The rationale of that case was based on the legislative repeal of title 7 which denied a property right in permits. The legislature reinstated a similar provision in 1973, now codified at IC 7.1–3–1–2 (1988). As our supreme court noted in *Ridenour v. Furness* (1987), Ind., 514 N.E.2d 273, 275, *"Lake County Beverage Co.* is of no force in this case."