**Jerome M. HAUER, Individually, in his capacity as Executive Director of the State Department of Fire and Building Services; The State Department of Fire and Building Services; Tracy Boatwright, Individually, in his capacity as Indiana State Fire Marshal; and the Office of the State Fire Marshal, Appellants–Defendants,**

v.

**BRDD OF INDIANA, INC., d/b/a Family Fireworks Co., Appellee–Plaintiff.**

No. 27A05–9502–CV–69.

Court of Appeals of Indiana.

Aug. 23, 1995.

Pamela Carter, Atty. Gen., Richard E. Shevitz, Annette S. Biesecker, Deputy Attys. Gen., Indianapolis, for appellants.

Julia Blackwell Gelinas, Richard A. Huser, John K. McDavid, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

BARTEAU, Judge.

Jerome M. Hauer, Executive Director of the State Department of Fire and Building Services, Tracy Boatwright, Indiana State Fire Marshall, and each of the aforementioned State of Indiana agencies (collectively, "the State") bring this interlocutory appeal under Ind. Appellate Rule 4(B)(3) challenging the grant of a preliminary injunction. We reverse.

### ISSUE

Whether a fireworks wholesaler has standing to enjoin the State Fire Marshall from issuing certificates of compliance to its competitors.

### FACTS

BRDD of Indiana, Inc., d.b.a. Family Fireworks Co. ("Family Fireworks"), is an Indiana corporation engaged in the wholesale sale of fireworks to wholesale and retail firework dealers in Indiana. Family Fireworks deals in fireworks that are ultimately sold to the general public. The Office of the State Fire Marshall ("State Fire Marshall") regulates the distribution of fireworks in Indiana and is charged with enforcing Indiana's fireworks laws. Under Indiana law, it is unlawful to sell at wholesale certain fireworks, further described in Ind.Code 22–11–14–8 ("non-approved fireworks"), unless the seller is licensed by the State Fire Marshall in accordance with I.C. 22–11–14–5. It is the State Fire Marshall's licensing procedures under I.C. 22–11–14–5 that are at issue in this case.

Family Fireworks alleges that the State Fire Marshall has issued, and continues to issue, annual certificates of compliance to manufacturers, wholesalers, importers and distributors of non-approved fireworks without performing an inspection as required under I.C. 22–11–14–5. In its Complaint for Permanent Injunctive Relief, Family Fireworks contends that the State Fire Marshall has violated its constitutional due process rights, and as a result "Family Fireworks has sustained damages in the form of significant lost sales and market share." R. 14.

### DISCUSSION

 The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power. *Schloss v. City of Indianapolis* (1990), Ind., 553 N.E.2d 1204, 1206, *reh'g denied.* "The standing requirement is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." *Id.*

Standing focuses generally upon the question whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, standing is a restraint upon this Court's exercise of its jurisdiction in that we cannot proceed where there is no demonstrable injury to the complainant before us.

*Pence v. State* (1995), Ind., 652 N.E.2d 486 (citing *City of Indianapolis v. Board of Tax Comm'rs* (1974), 261 Ind. 635, 638, 308 N.E.2d 868, 870). To establish standing, Family Fireworks must "demonstrate a personal stake in the outcome of the lawsuit and must show, at a minimum, [it] was in immediate danger of sustaining some direct injury as a result of the conduct at issue." *Deaton v. City of Greenwood* (1991), Ind.App., 582 N.E.2d 882, 885.

In its conclusions of law, the trial court determined that:

Plaintiff Family Fireworks is a legitimate wholesaler whose sales revenues have been materially adversely impacted by the proliferation of unlawful "wholesale" sales activity brought about by the State's arbitrary and capricious issuance of wholesale licenses in violation of state law. Accordingly, Family Fireworks has standing to contest the Defendant's unlawful practices. *Public Service [Co.] of Ind. v. Hamil,* 416 F.2d 648, 651 (7th Cir.1969); *Marion Nat'l Bank of Marion v. Saxon,* 261 F.Supp. 373, 377 (N.D.Ind.1966).

R. 124. The State contends that the trial court wrongfully concluded that Family Fireworks has standing in this matter, and argues that neither the *Hamil* case nor the *Saxon* case support the trial court's conclusion.

We find Family Firework's position to be similar to the liquor and wine wholesaler in *Wine & Spirits Wholesalers of Ind. v. Indiana Alcoholic Beverage Comm'n* (1990), Ind.App., 556 N.E.2d 17, *trans. denied.* In *Wine & Spirits,* a liquor and wine wholesaler brought an action seeking, in part, a declaratory judgment against the Indiana Alcoholic Beverage Commission in an attempt to reverse the Commission's issuance of a wholesale wine and liquor permit to a competitor. We found that the wholesaler lacked standing because it did not have a property interest in the IABC's issuance of the permit and noted:

Wholesalers are not interested under a deed, will, written contract or other writing constituting a contract. Neither do Wholesalers have rights, status or other legal relations that have been affected by a statute, municipal ordinance, contract or franchise. The rights, status or legal relationships Wholesalers have are in the continued validity of their own permits, licenses to wholesale wine and liquor in competition with all other holders of similar licenses. These rights, status and legal relationships have not been altered by the IABC's issuance of the subject permit. *Wholesaler's asserted harm, "loss of business, loss of profit, and confusion of the wholesale liquor and wine business in Indiana,"* ... *are not rights protected by their permits.*

*Id.* at 20 (emphasis added).

Family Fireworks attempts to distinguish this case by arguing that it has standing to prevent the State Fire Marshall from issuing *unlawful* certificates of compliance to its competitors, positing that it has protected due process rights in the licensing procedure set forth in I.C. 22–11–14–5. In support of this position Family Fireworks points to *Public Service Co. of Ind. v. Hamil,* 416 F.2d 648, 652 (7th Cir.1969), *cert. denied,* 396 U.S. 1010, 90 S.Ct. 571, 24 L.Ed.2d 503 a case which the trial court cited in its conclusion. However, we do not agree.

*Hamil* involved an attempt by private power companies holding certificates of convenience and necessity issued by the Indiana Public Service Commission to enjoin a competitor from building and operating a power generating facility. The competitor sought to secure a loan from the Rural Electrification Administration in order to begin construction of power generating facilities, with the intention of selling the electricity to the power companies's customers. The power companies filed suit seeking to enjoin the loan, arguing that the competitor could not lawfully build and operate power generating facilities without the authorization of the Indiana Public Service Commission.

The Seventh Circuit determined that the power companies had standing to enjoin the competitor, finding that the power companies had a property interest at stake. The property interest was seated in the monopolistic nature of the power companies's business, which was created by our legislature.

> Here plaintiffs have exclusive authority from the Indiana Commission with respect to competition from others having no such authority from the state.... Here plaintiffs have property rights which the district court found were threatened with invasion by the Administrator's unlawful competition.

416 F.2d at 652. Due to the exclusive business the Indiana legislature granted to power companies, the power companies had a property interest at stake in regards to the State's regulation of competitors. Thus, the power companies had standing to challenge and enjoin the State action.

This same rationale was employed in *Marion Nat'l Bank of Marion v. Saxon* (1966), N.D.Ind., 261 F.Supp. 373, on which Family Fireworks also relies and which the trial court cited in its conclusion. In *Saxon*, banks in Marion, Indiana sought to enjoin a competitor bank from opening an office in Marion, and the Comptroller of the Currency, who gave preliminary approval of the planned opening. The United States District Court for the Northern District of Indiana found that the banks had standing to challenge the proposed opening of its competitor because an Indiana statute provided that no bank or trust company.

> may open or establish a branch bank in any city or town within the limits of the county in which the principal office ... is located, if there is no bank or trust company located in such city or town....

261 F.Supp. at 375–76 (citing Burns Ann.St. Ind. 18–1707).[1] Like the power companies in *Hamil*, the banks in *Saxon* had been granted a degree of exclusivity in business under Indiana law, and the proposed acts of the State would have infringed upon that exclusivity. Thus the banks, like the power com-

panies, had a legitimate property interest in the State's regulation of competitors.

■ Indiana's fireworks licensing laws do not include any right of business exclusivity. The purpose of the fireworks laws and the licensing of those engaged in the wholesale and distribution of non-approved fireworks is to assure the safety of Indiana citizens by installing controls and safeguards in the industry. The fireworks laws, I.C. 22–11–14–1, *et seq.*, are included within Title 22, Article 11 of the Indiana Code entitled "Building and Safety Regulations." The laws are not designed to protect the market share of fireworks dealers, and nothing within the statutory framework of the fireworks laws establishes any right to sales exclusivity or affords any protection from competition.

Like the wholesaler in *Wine & Spirits,* Family Fireworks's asserted damages of loss of business and loss of market share are not rights protected by their permits to deal in non-approved fireworks. 556 N.E.2d at 20. Family Fireworks's permit to sell fireworks does not include the right to be protected from competitors. Family Fireworks has no property interest in the certificates of compliance issued to its competitors, and therefore has no standing to enjoin the State Fire Marshall from issuing certificates of compliance.

REVERSED.

SHARPNACK, C.J., and RUCKER, J., concur.

---

1. Burns Ann.St.Ind. 18–1707 was recodified as I.C. 28–1–17–1. Indiana Code chapter 28–1–17 was repealed by P.L. 265–1985, § 7. *See* I.C. 28–2–13–19 *et seq.,* for current similar provisions.