**INDIANA ASSOCIATION OF BEVERAGE RETAILERS, INC., Appellant–Plaintiff,**

**v.**

**INDIANA ALCOHOL AND TOBACCO COMMISSION, et al., Appellees–Defendants.**

**No. 49A02–0307–CV–634.**

Court of Appeals of Indiana.

May 25, 2004.

Rehearing Denied Aug. 19, 2004.

Thomas W. Blessing, Sonia S. Chen, Stewart & Irwin, PC, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner the Indiana Association of Beverage Retailers, Inc. (IABR) appeals the trial court's dismissal of its petition for judicial review of the appellee-respondent Indiana Alcohol and Tobacco Commission's (ATC) order granting Thornton Oil Corporation's (Thornton) application for a beer and wine permit. Specifically, IABR maintains that it was error to dismiss its petition for judicial review on the basis that it lacked standing to challenge the order. Thus, IABR seeks a reversal and remand of the trial court's order for a determination on the merits whether ATC's decision to grant Thornton's application must be set aside. Concluding that IABR did, indeed, have standing in this case, we reverse the order of dismissal and remand with instructions that the trial court consider the propriety of ATC's decision to grant Thornton's application.

## FACTS

IABR is a non-profit association whose membership is comprised of retail package liquor stores. Thornton is the owner of a gas station and convenience store in Law-

rence that has been in business for more than five years. Thornton also operates thirteen similar stores in other Indiana locations that hold alcoholic beverage permits.

On January 9, 2001, Thornton filed its application for a beer and wine permit so that it could "compete on a level playing field with other convenience grocery stores that sell alcoholic beverages." Appellant's App. p. 30. Thereafter, the Marion County Local Board (Local Board) investigated the application, and a hearing was held on August 6, 2001. IABR remonstrated against Thornton's application, arguing lack of desire or need for the permit and maintained that the permit should be denied because Thornton did not operate a pharmacy or grocery store.

At the hearing, Ray Cox and Randy Zion, members of IABR, testified on behalf of that entity. In the end, the Local Board voted 2–1 to deny Thornton's application, and the ATC voted to adopt the recommendation of the Local Board at is regular public meeting on August 21, 2001.

Thornton then appealed this denial to the ATC, and the matter was set for hearing on April 12, 2002. At the ATC hearing, IABR appeared and presented the testimony of Cox and Robert Bowser, the deputy police chief of the Lawrence Police Department. Again, IABR objected to Thornton's application for the permit based on lack of desire or need for the permit and for the reason that Thornton failed to qualify as a proprietor of a drug store or grocery store. After considering the evidence, the hearing judge determined that the Local Board "denied [the] application without sufficient evidence that would support a finding that this permit should not be issued." Appellant's App. p. 34. The ATC then adopted the hearing judge's proposed findings of fact and conclusions of law on February 4, 2003, thus reversing the Local Board's recommendation and granting Thornton's application for the alcohol permit on February 4, 2003. In response, on March 6, 2003, IABR filed its verified petition for judicial review with the trial court. In the end, the trial court dismissed the case and ruled as follows:

> [IABR] has failed to demonstrate that it has standing on its own to bring suit. *Medical Licensing Board of Indiana v. Indiana State Chiropractic Association, Inc.,* 176 Ind.App. 40, 42–43, 373 N.E.2d 1114, 115–16[sic] [Ct.App.1978]. Further, [IABR's] membership, as competitors of Thornton Oil Corporation also lack standing to object to the granting of an alcohol permit. *Hauer v. BRDD of Indiana, Inc.,* 654 N.E.2d 316 (Ind.Ct. App.1995), *trans. denied; Wine & Spirits Wholesalers of Indiana, Inc. v. Indiana Alcoholic Beverage Commission,* 556 N.E.2d 17 (Ind.Ct.App.1990), *trans. denied; Indiana Alcoholic Beverage Commission v. McShane,* 170 Ind. App. 586, 354 N.E.2d 259, 266 (1976).

Appellant's Br. p. 6. IABR now appeals.

## I. Standard of Review

We initially observe that when reviewing a trial court's dismissal for lack of standing, this court applies a de novo standard of review. *Alexander v. PSB Lending Corp.,* 800 N.E.2d 984, 988 (Ind.Ct. App.2003). The facts alleged in the complaint must be taken as true, and only where it appears that under no set of facts could the plaintiff be granted relief is dismissal appropriate. *Id.* To be sure, a motion to dismiss tests the legal sufficiency of the claim, not the facts that support it. *In re Custody of G.J.,* 796 N.E.2d 756, 759 (Ind.Ct.App.2003), *trans. denied.* A dismissal for lack of standing is appropriate only where it appears that the plaintiff cannot be granted relief under any set of facts. *Id.*

## II. IABR's Claims—Standing

 In addressing IABR's contention that the trial court erred in dismissing its petition for judicial review, we initially observe that the general determination of standing focuses on whether the complaining party is the proper person to invoke the court's power. *Scott v. Randle*, 736 N.E.2d 308, 315 (Ind.Ct.App.2000), *trans. denied.* The standing requirement assures that litigation will be actively and vigorously contested, as plaintiffs must demonstrate a personal stake in the litigation's outcome in addition to showing that they have sustained, or are in immediate danger of sustaining, a direct injury as a result of the defendant's conduct. *Id.*

Notwithstanding the above, however, Indiana Code section 4–21.5–5–3 of our Administrative Orders and Procedures Act (AOPA) identifies five situations where a person may assert standing to obtain judicial review of an agency action: "(1) a person to whom the agency action is specifically directed, (2) a person who was a party to the agency proceedings that led to the agency action, (3) a person eligible for standing under a law applicable to the agency action, (4) a person otherwise aggrieved or adversely affected by the agency action, and (5)[t]he department of local government finance with respect to judicial review of a final determination of the Indiana board of tax review in an action in which the department has intervened under IC 6–1.1–15–5(b)." Similarly, we note that a "party" is defined under the AOPA as "(1) a person to whom the agency action is specifically directed; or (2) a person expressly designated in the record of the proceeding as a party to the proceeding." I.C. § 4–21.5–1–10.

In essence, the above provisions, which became effective in 1986, explicitly define who may seek judicial review of an agency action. The language embodied in this statute is markedly different than the provisions of the predecessor statute, Indiana Code section 4–22–1–14 in accordance with the Administrative Adjudication Act (AAA) that allowed for judicial review of an agency action. Specifically, the AAA provided that:

> Any party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition.

Unlike the provisions of the AOPA, it is apparent that there was only one class of persons entitled to standing under the AAA. With the enactment of the AOPA, however, the statute with regard to standing has been clarified and expanded to include the appropriate categories that had previously been omitted.

 Here, IABR argues that because it was actually a party to both the Local Board and ATC proceedings, it has standing under Indiana Code section 4–21.5–5–3(a)(2) cited above entitling it to judicial review of the ATC's decision. In support of its argument, IABR points out that it remonstrated against Thornton's application at the Local Board hearing and presented the testimony of two witnesses. After the Local Board's denial of the application and Thornton's appeal to the ATC, IABR was provided notice and an opportunity to participate in the subsequent proceeding where it presented the testimony of Cox and Bowser. In light of its participation in the hearing, IABR directs us to *Board of Trustees of the Pub. Employees Retirement Fund v. City of Plymouth*, 698 N.E.2d 335, 339 (Ind.Ct.

App.1998), *trans. denied,* for the proposition that it should have standing. In *City of Plymouth,* we affirmed the trial court's denial of the Board of Trustees of the Public Employees Retirement Fund's (PERF Board) motion to dismiss the petition for judicial review filed by the City of Plymouth (City). We observed that the City had presented evidence at the local board hearing, and was therefore granted standing because of its status as a party in accordance with Indiana Code section 4–21.5–5–3(a)(2). *Id.* at 338–39.

Notwithstanding the decision in *City of Plymouth,* the ATC cites *Medical Licensing Board of Indiana v. Indiana State Chiropractic Ass'n, Inc.,* 176 Ind.App. 40, 373 N.E.2d 1114 (1978), in support of its argument that an association must establish injury to itself in order to obtain standing. That is, the ATC observes that merely establishing an injury to a member of the association is insufficient for the purposes of standing. In the *Chiropractic Association* case, the Medical Licensing Board of Indiana (the Board) promulgated and enacted rules defining acts constituting the unlawful practice of medicine by chiropractors. Before the Board took any action, the Indiana State Chiropractic Association, Inc., and the Indiana Society of Chiropractic Physicians, Inc. (the Associations), filed a declaratory judgment action and also sought injunctive relief. The Associations, however, did not assert standing under the AAA. Rather, this court's determination that the Associations were without standing to sue was premised on the general rules relating to standing rather than the AAA provisions.

The trial court's order also cites to *Indiana Alcoholic Beverage Comm'n v. McShane,* 170 Ind.App. 586, 354 N.E.2d 259 (1976) in granting the motion to dismiss. As in the *Chiropractic Association* case, we denied the appellees' standing to sue in *McShane* under the judicial doctrine of standing. *Id.* at 596–97, 354 N.E.2d at 266–67. Also, the action in *McShane* was filed before the Indiana Alcoholic Beverage Commission (IABC) had taken any final agency action. We therefore determined that the trial court's order issuing a permanent injunction and mandating that the IABC enforce its present rules and regulations was an unlawful encroachment into the IABC's rulemaking process. *Id.* at 601, 354 N.E.2d at 269. Again, this case is distinguishable from the circumstances in *McShane* because the IABR is seeking judicial review of a final agency action and asserts standing under the AOPA provisions.

Additionally, we find the circumstances here unlike those that were present in *Wine & Spirits Wholesalers of Indiana, Inc. v. Indiana Alcoholic Beverage Commission,* 556 N.E.2d 17, 18, 19 n. 3 (Ind.Ct. App.1990), *trans. denied,* a case that the trial court also relied upon in granting the motion to dismiss. While Wine & Spirits Wholesalers of Indiana and two other companies asserted standing under the AOPA, they were not a party to the administrative proceedings leading to the ATC's granting of the wine and liquor permit at issue in that case. Unlike the companies in *Wine & Spirits Wholesalers,* IABR is seeking judicial review as a "party" to the administrative proceedings, and not as a person otherwise aggrieved or adversely affected by the agency action.

In light of the above, it is apparent to us that the cases relied upon by the trial court in dismissing IABR's petition for judicial review and those cited by the ATC are distinguishable from the circumstances here and do not provide authority for the trial court's order denying IABR standing to obtain judicial review of the order. Moreover, we note that in accordance with 905 I.A.C. 1–36–2(a), a remonstrator is en-

titled to notice of the Local Board or ATC's decision to grant or deny an application for an alcoholic beverage permit. Further, a remonstrator is entitled to participate in appeals to the ATC from a local board decision. 905 I.A.C. 1–36–3(b).

Finally, we note that IABR has cited to this court's opinion in *Huffman v. Dept. of Envtl. Mgmt.*, 788 N.E.2d 505, 509 (Ind. Ct.App.2003), for the proposition that the judicial doctrine of standing applies to lawsuits filed in a trial court and to matters not covered by the AOPA. Appellant's Br. p. 7. In *Huffman*, an individual attempted to participate as a party to challenge Eli Lilly & Company's (Lilly) petition for the renewal of its National Pollutant Discharge Elimination System with regard to one of its laboratories. 788 N.E.2d at 506. After IDEM issued the permit, Huffman sought administrative review before the Office of Environmental Adjudication (OEA). The OEA granted Lilly's motion to dismiss Huffman for lack of standing, finding that she failed to allege facts sufficient to establish any direct injury. *Id.* at 507. On appeal, a panel of this court reversed the order of dismissal and determined that "a person need show the imposition of a burden or obligation, a substantial grievance, or the denial of some personal, pecuniary, or property right" in order to qualify for administrative review as an aggrieved or adversely affected person. Inasmuch as Huffman demonstrated that she was allegedly being denied such an interest, i.e., "the potential pollution of property she owns," we concluded that there was no substantial evidence to support the OEA's decision and that the petition for administrative review should not have been dismissed. *Id.* at 510–11.

IABR acknowledges in its reply brief that our supreme court has recently granted transfer in *Huffman*. Appellant's Reply Br. p. 3. To date, no opinion has been issued. We note, however, that even if the supreme court determines that Huffman's petition was properly dismissed because of the lack of standing, we do not find that the circumstances in that case should control the outcome here.

In *Huffman*, the petitioner alleged that she was "aggrieved or adversely affected" as a citizen of Indiana and because her family owned an interest in property located contiguous to Lilly's facility. *Id.* at 507. In contrast to these allegations—as we have pointed out above—IABR in this case actively participated in the proceedings and remonstrated against Thornton's application for the alcohol permit. IABR presented the testimony of witnesses at the hearings, and our administrative code specifically provides that IABR, as a remonstrator, is entitled to receive notice in these types of proceedings and may participate in appeals to the ATC. 905 I.A.C. 1–36–2(a), 3(b). That said, we do not find the *Huffman* rationale controlling here, and we thus conclude, in light of our discussion above, that the trial court erred in dismissing IABR's petition for judicial review.

Reversed and remanded to the trial court for a determination of whether the ATC's decision to grant Thornton's application on contravention of the Local Board's recommendation should be set aside.

FRIEDLANDER, J., and BAILEY, J., concur.