**BOARD OF TRUSTEES OF the PUBLIC EMPLOYEES RETIREMENT FUND, Appellant–Respondent,**

v.

**CITY OF PLYMOUTH, et al., Appellees–Petitioners.**

**No. 50A03–9711–CV–405.**

Court of Appeals of Indiana.

July 31, 1998.

---

Jeffrey A. Modisett, Attorney General, Jon B. Laramore, Deputy Attorney General, Indianapolis, for Appellant–Respondent.

E. Nelson Chipman, Jr., Plymouth, for Appellees–Petitioners.

## OPINION

MATTINGLY, Judge.

The Board of Trustees of the Public Employees' Retirement Fund (PERF Board) brings an interlocutory appeal from the trial court's judgment denying the PERF Board's motion to dismiss a judicial review petition filed by the City of Plymouth, Indiana (City) and its Police Chief. Thomas Chamberlin (Chief Chamberlin). The sole issue presented for our review is whether the City and Chief Chamberlin have standing to obtain judicial review of the PERF Board's determination that one of the City's police officers suffers from a "Class 2" impairment.

We affirm.

## INTRODUCTION AND STATUTORY BACKGROUND

This interlocutory appeal arises out of the PERF Board's administration of the 1977 Police Officers' and Firefighters' Pension and Disability Fund (Fund). Generally, police officers or firefighters who are less than 36 years old and who pass statutorily-required physical and mental examinations are members of the Fund. Ind.Code § 36–8–8–7(a)(1)–(2). The Fund consists, in part, of contributions from Fund members and particular employers. *Id.* § 36–8–8–4(a). The Fund finances benefit payments to Fund members and their survivors. *Id.*

A Fund member may be entitled to benefit payments when he suffers a "covered" impairment. *See id.* § 36–8–8–12(b). An impairment is "covered" when it permanently or temporarily renders the Fund member unable to carry out the "essential function" of his duties. *Id.* § 36–8–8–12.3(b). A covered impairment may be classified as either Class

1,[1] Class 2,[2] or Class 3.[3] One who suffers from a Class 2 impairment is entitled to higher monthly benefit payments than is one who suffers from a Class 3 impairment. *Compare id.* § 36–8–8–13.5(c) *with id.* § 36–8–8–13.5(d)–(e). One who suffers from a Class 1 impairment is entitled to higher monthly benefit payments than is one who suffers from either a Class 2 or a Class 3 impairment. *Compare id.* § 36–8–8–13.5(b) *with id.* § 36–8–8–13.5(c)–(e).

The statute governing the Fund provides for a local board which shall, upon request of a Fund member, conduct a hearing to determine whether he suffers from a covered impairment, and whether that impairment is a Class 1, Class 2, or Class 3 impairment. *See id.* §§ 36–8–8–12.3(a), 36–8–8–12.5.

When a hearing is conducted by the local board, the Fund member and the safety board[4] must be notified of the hearing's time, date, and place. *See id.* § 36–8–8–12.7(b). At the hearing, the local board must allow the Fund member and the safety board to be represented, to present evidence through witnesses and documents, to conduct cross-examination, and to present arguments. *Id.* § 36–8–8–12.7(c)(1)–(4). After the hearing, the local board must issue, in writing, its determination of the Fund member's impairment. *Id.* § 36–8–8–12.7(g). The Fund member may file with the PERF Board's director an appeal of the local board's determination. *Id.* § 36–8–8–12.7(m).

When such an appeal is filed, the local board must submit its determination to the PERF Board's director. *Id.* § 36–8–8–13.1(a). The Fund member then must be examined by a medical authority that the PERF Board selects. *Id.* § 36–8–8–13.1(b). The report of the examination is submitted to the PERF Board's director, who, after reviewing the report and the determination of the local board, issues his "initial determination" of the Fund member's impairment. *Id.* § 36–8–8–13.1(b)–(c). The PERF Board's director must notify the local board, the safety board, and the Fund member of the initial determination. *Id.* § 36–8–8–13.1(c).

Either the local board, the safety board, or the Fund member may file a written objection to the initial determination. *Id.* § 36–8–8–13.1(d). The objection must be filed within 15 days of the initial determination's issuance. *Id.* The initial determination becomes the PERF Board's final order if no objection is filed. *Id.* However, if a timely written objection is filed, the PERF Board issues its final order after a hearing. *Id.* The final order must be issued no later than 180 days after the date on which the PERF Board's director received the local board's determination. *Id.*

## FACTS AND PROCEDURAL HISTORY

Officer Doe[5] was one of the City's police officers. He filed a Petition for Disability Pension, seeking benefit payments from the Fund. On March 21, 1996, the Police Pension Board of the City of Plymouth (local board) held a hearing on Officer Doe's petition.[6] At the hearing, Officer Doe and the City's safety board were present and were represented by counsel. Evidence was presented and counsel for both Officer Doe and the City's safety

---

1. A Class 1 impairment is a covered impairment that is the direct result of one (1) or more of the following:
   (A) A personal injury that occurs while the fund member is on duty.
   (B) A personal injury that occurs while the fund member is off duty and is responding to:
   (i) an offense or a reported offense, in the case of a police officer; or
   (ii) an emergency or reported emergency for which the fund member is trained, in the case of a firefighter.
   (C) An occupational disease (as defined in IC 22–3–7–10).
   Ind.Code § 36–8–8–12.5(b)(1)(A)–(C).

2. A Class 2 impairment "is a covered impairment that is a duty related disease." Ind.Code § 36–8–8–12.5(b)(2).

3. A Class 3 impairment "is a covered impairment that is not a Class 1 impairment or a Class 2 impairment." Ind.Code § 36–8–8–12.5(b)(3).

4. A safety board usually administers the police and fire departments of a city. Ind.Code § 36–8–3–2(a).

5. "Officer Doe" is a pseudonym that was assigned to the City police officer whose petition for disability benefits initiated the events at issue in this appeal.

6. Chief Chamberlin was a member of the local board. He attended Officer Doe's hearing in that capacity, assisting the local board in issuing its determination of Officer Doe's impairment. R. at 22–23, 37.

board were permitted to make final arguments. After the hearing, the local board determined that Officer Doe suffered from a Class 3 impairment.

Officer Doe filed an appeal of the local board's determination with the PERF Board, which reviewed his request for disability benefits. On June 7, 1996, the PERF Board's director issued an initial determination in which he found, as did the local board, that Officer Doe suffered from a Class 3 impairment. Neither the City nor Chief Chamberlin objected to the initial determination. Officer Doe, however, filed a timely written objection to the initial determination. After this objection was filed, Officer Doe and the PERF Board's director entered into an agreement which provided for the extension of the 180–day period within which the PERF Board's final order must be issued. They further agreed that they would resolve the disability claim through "informal proceedings" which included the collection of "additional evidence ." R. at 55.

During the informal proceedings, a PERF Board medical consultant reevaluated Officer Doe's medical file. On the basis of this reevaluation, the PERF Board's director and Officer Doe agreed that the latter's impairment was Class 2 rather than Class 3. On December 5, 1996, the PERF Board issued its final order which stated that Officer Doe suffered from a Class 2 impairment.

The City and Chief Chamberlin subsequently filed a petition for judicial review of the PERF Board's final order. The PERF Board moved to dismiss the petition on the ground that the City and Chief Chamberlin lacked standing to obtain judicial review. After a hearing, the trial court ruled that the PERF Board's motion to dismiss should be denied, holding that the City and Chief Chamberlin enjoyed standing to seek judicial review. At the request of the PERF Board, the trial court certified its ruling for interlocutory appeal.

### STANDARD OF REVIEW

■ We are reviewing the denial of a motion to dismiss. As the material facts are undisputed, the parties have presented us with a question of law. The standard we

apply in reviewing legal determinations is the same whether we are evaluating a motion to dismiss or a motion for summary judgment: whether the trial court erred in its application of the law. *Wagle v. Henry,* 679 N.E.2d 1002, 1005 (Ind.Ct.App.1997).

### DISCUSSION

■ The portion of the Administrative Adjudication Act codified at Indiana Code Sections 4–21.5–5–1 to –15 establishes the exclusive means for judicial review of agency action. *Union Tank Car, Fleet Operations v. Commissioner of Labor,* 671 N.E.2d 885, 889 (Ind.Ct.App.1996), *trans. denied.* Judicial review may be obtained only by those who have standing, who have exhausted administrative remedies, who have timely pursued review, and who have met any other requirement established by law. *Peabody Coal Co. v. Indiana Dep't of Natural Resources,* 664 N.E.2d 1171, 1172 n. 2 (Ind. 1996) (citing Ind.Code § 4–21.5–5–2(b)). At issue in this case is standing. Indiana Code Section 4–21.5–5–3 provides in part:

(a) The following persons have standing to obtain. judicial review of an agency action:

(1) A person to whom the agency action is specifically directed.

(2) A person who was a party to the agency proceedings that led to the agency action.

(3) A person eligible for standing under a law applicable to the agency action.

(4) A person otherwise aggrieved or adversely affected by the agency action.

■ We agree with the trial court's determination that the City and Chief Chamberlin have standing to seek judicial review. The City is granted standing by reason of its status as a party pursuant to Indiana Code Section 4–21.5–5–3(a)(2). "Party" is defined as "a person expressly designated in the record of the proceeding as a party to the proceeding." Ind.Code § 4–21.5–1–10(2). The record reveals that at the hearing before the local board, counsel for Officer Doe and for the safety board presented evidence. Under the above definition, only Officer Doe

and the safety board are parties. Since a city may act through its safety board and so become a party to a lawsuit, *City of Auburn v. Mavis,* 468 N.E.2d 584, 584–85 (Ind.Ct. App.1984), as a result, the trial court was correct in finding the City had standing to seek judicial review.

We find that Chief Chamberlin has standing pursuant to Indiana Code Section 4–21.5–5–3(a)(1), as he is "[a] person to whom the agency action is specifically directed." Indiana Code Section 36–8–8–13.1(e) provides: "[i]f the PERF board approves the director's initial determination, then the PERF board shall issue a final order adopting the initial determination. The local board and **the chief of the police ... department shall comply** with the initial determination." (Emphasis added). Since the police chief is specifically directed to comply with the results of the agency action, he has standing to seek judicial review.

Because the City and Chief Chamberlin enjoy standing under Indiana Code Section 4–21.5–5–3(a)(1)–(2), the motion to dismiss their judicial review petition was properly denied. The trial court did not err in its application of the law, and the judgment is therefore affirmed.

STATON and FRIEDLANDER, JJ., concur.