ATTORNEYS FOR APPELLANT
Thomas W. Blessing
Sonia S. Chen
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Steve Carter
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE
Kathleen G. Lucas
George T. Patton, Jr.
Bryan H. Babb
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-0504-CV-137

INDIANA ASSOCIATION OF BEVERAGE
RETAILERS, INC.,

*Appellant (Petitioner below),*

v.

INDIANA ALCOHOL AND TOBACCO
COMMISSION; THORNTON OIL CORPORATION;
AND MARION COUNTY ALLIANCE OF
NEIGHBORHOOD ASSOCIATIONS,

*Appellees (Respondents below).*

Appeal from the Marion County Superior Court, No. 49D01-0303-PL-000427
The Honorable Steven H. Frank, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0307-CV-634

**October 27, 2005**

**Boehm, Justice.**

The Administrative Orders and Procedures Act sets forth the standing requirements for a person seeking judicial review of an agency's action. Because the Indiana Association of Beverage Retailers was not a party to the administrative proceedings before the Indiana Alcohol and Tobacco Commission, the Association did not have standing to seek judicial review of the agency's action.

### Factual and Procedural Background

Thornton Oil Corporation operates convenience stores that also sell gasoline. In January 2001 Thornton filed an application for a Type 115 beer and wine permit for its Lawrence, Indiana store. After investigation and review, the Marion County Local Board held a hearing on the application. Two retailers who were members of the Indiana Association of Beverage Retailers (IABR), appeared at the hearing and opposed the application, arguing "lack of desire or need" for the permit and also that Thornton was not a "grocery store," and therefore was not eligible for a permit under Indiana Code section 7.1-3-5-2(a). The Marion County Alliance of Neighborhood Associations (MCANA) also appeared at the hearing opposing the application. At the conclusion of the hearing, the Local Board voted 2-1 to deny Thornton's application on the ground that Thornton was not a "grocery store." The Indiana Alcohol and Tobacco Commission (ATC) initially adopted the Local Board's recommendation.

Thornton sought administrative review before the ATC and a Hearing Judge was assigned to conduct an "appeal hearing." IABR and MCANA appeared at the hearing and presented testimony opposing Thornton's application. In December 2002 the Hearing Judge entered findings of fact and conclusions of law, finding that the determination of the Local Board and the ATC ruling adopting that determination were not based on substantial evidence, and concluding that Thornton was a "grocery store" and should be issued a permit. The ATC subsequently approved the Hearing Judge's findings and conclusions and issued a permit to Thornton.

IABR sought judicial review of ATC's grant of a permit to Thornton. ATC moved to dismiss, arguing that IABR lacked standing to seek judicial review of its order. The trial court granted ATC's motion, finding that neither IABR nor IABR's members, as competitors of

Thornton, had standing to challenge the grant of an alcohol permit to Thornton. The Court of Appeals reversed, holding that IABR was a party to the administrative proceedings and was therefore entitled to seek judicial review. Ind. Ass'n of Beverage Retailers, Inc. v. Ind. Alcohol & Tobacco Comm'n, 809 N.E.2d 374, 379 (Ind. Ct. App. 2004), reh'g denied, 2004 Ind. App. LEXIS 1676 (Ind. Ct. App. Aug. 19, 2004). We granted transfer. Ind. Ass'n of Beverage Retailers, Inc. v. Ind. Alcohol & Tobacco Comm'n, 831 N.E.2d 743 (Ind. 2005).

### Standing for Judicial Review of Administrative Decisions

Judicial review is available only to those who have standing, who have exhausted administrative remedies, who have timely pursued review, and who have met any other requirements established by law. Peabody Coal Co. v. Ind. Dep't of Natural Res., 664 N.E.2d 1171, 1172 n.2 (Ind. 1996) (citing Ind. Code § 4-21.5-5-2(b)). IABR sought judicial review of the ATC's order pursuant to the Administrative Order and Procedures Act (AOPA), Indiana Code article 4-21.5 (2004). AOPA explicitly enumerates five categories of persons[1] who "have standing to obtain judicial review of an agency action."[2] I.C. § 4-21.5-5-3(a). With exceptions not relevant here, these ultimately require that the person be "aggrieved or adversely affected" or be a subject of the order or a party to the agency proceedings. IABR claims standing under section 5-3(a)(2) as "a party to the agency proceedings." AOPA defines a "party" to administrative proceedings as "(1) a person to whom the agency action is specifically directed; or (2) a person expressly designated in the record of the proceeding as a party to the proceeding." I.C. § 4-21.5-1-10. IABR was plainly not a "person to whom the agency action [was] specifically directed." However,

---

[1] A "person" is broadly defined as "an individual, agency, political subdivision, partnership, corporation, limited liability company, association, or other entity of any character." I.C. § 4-21.5-1-11.

[2] Section 5-3(a) of AOPA provides:
> The following have standing to obtain judicial review of an agency action:
> (1) A person to whom the agency action is specifically directed.
> (2) A person who was a party to the agency proceedings that led to the agency action.
> (3) A person eligible for standing under a law applicable to the agency action.
> (4) A person otherwise aggrieved or adversely affected by the agency action.
> (5) The department of local government finance with respect to judicial review of a final determination of the Indiana board of tax review in an action in which the department has intervened under IC 6-1.1-15-5(b).

Under subsection 5-3(b)(2) the (a)(4) exception permits non-parties to seek review as "otherwise aggrieved or adversely affected" persons only if they were required to be given notice and were not, or they were wrongfully denied intervention.

IABR contends that because it attended, remonstrated, and offered testimony at the administrative hearings on Thornton's permit, it was a "party" to those proceedings. We do not agree.

ATC Regulations define a "remonstrator" as "a person who appeared, personally or by counsel, as a remonstrator against the application at the local board hearing and identified himself to the local board, stating his name and address or telephone number to the board at the hearing." 905 Ind. Alcoholic Beverage Comm'n (I.A.C.) § 1-36-2(a) (2001). IABR did appear before the Local Board and identified itself and therefore was a "remonstrator" at Thornton's permit application proceedings. However, as a "remonstrator," IABR was not a designated "party to the proceeding." A remonstrator is entitled to "personal notice of [the ATC] action or written notice of [the ATC] action by certified mail." Id. at § 1-36-2(a). A remonstrator is also entitled to notice of any appeal hearing. Id. at § 1-36-2(f). The Court of Appeals held that these notice requirements along with IABR's participation in Thornton's application proceedings made IABR a party to those proceedings. Ind. Ass'n of Beverage Retailers, Inc., 809 N.E.2d at 379. We conclude however, that the regulation contemplates notice to and participation by "remonstrators" who are not "parties."

The regulations plainly differentiate between "remonstrators," who are not parties, and "intervening remonstrators," who become parties.[3] A remonstrator must become an "intervening remonstrator" in order to seek administrative review of the initial agency action. A "remonstra-

---

[3] Under some statutory provisions, a remonstrator may achieve "party" status, but none of these apply here. In Board of Trustees of the Public Employees Retirement Fund v. City of Plymouth, 698 N.E.2d 335 (Ind. Ct. App. 1998), trans. denied, a police officer sought an administrative determination that he suffered from a Class 2 impairment for purposes of disability pension. At the hearing before the local board, counsels for the officer and the city safety board presented evidence. Id. at 337-38. The Court of Appeals held that, through the actions of its safety board, the city was a "party" as that term is defined in Indiana Code section 4-21.5-1-10(2) and had standing to seek judicial review. Id. at 338-39. IABR argues that like the City of Plymouth, it presented evidence both at the Local Board hearing and to the ATC and is thus a "party." However, in City of Plymouth, the city was acting through its safety board, which had statutory authority to file a written objection to the local board's disability determination for a retirement fund member. 698 N.E.2d at 337, 339 (citing I.C. § 36-8-8-13.1(d)). In Indiana Alcoholic Beverage Commission v. Edwards, 659 N.E.2d 631 (Ind. Ct. App. 1995) remonstrators were found to have standing to petition for judicial review, but those were individuals from the neighborhood where an alcohol permit would be used and who, by statute, were permitted to obtain signatures of registered voters who opposed the grant of the permit. Id. at 634 (citing I.C. § 7.1-3-19-13). The remonstrators in Edwards had standing because the statutory permit process specifically provided for their participation in the proceedings with a party status. Additionally, an alcoholic beverage establishment in their neighborhood would personally affect them.

tor" seeking to become an intervening remonstrator, and therefore a "party" is subject to the "aggrieved or adversely affected" requirement. A remonstrator who objects to the commission's actions must file a request for an appeal hearing within fifteen (15) days. 905 I.A.C. § 1-36-2(b). "The objections of any remonstrator shall also be accompanied by a petition for intervention stating facts which demonstrate that the petitioner will be aggrieved or adversely affected by the commission's action." Id. Upon receipt of a remonstrator's objection and petition for intervention "the commission shall consider whether the remonstrator has proven that he or she will be personally aggrieved or adversely affected if the application for permit is granted. . . . [An] 'intervening remonstrator' means a remonstrator that has been granted permission to intervene by the commission." Id. at § 1-36-2(d). "[F]ailure of a remonstrator to file objections and a petition for intervention within the fifteen (15) day period shall constitute a waiver of any appeal hearing from the commission's action." Id. at § 1-36-2(b). Neither IABR, nor any of its individual members, sought status as an "intervening remonstrator" in Thornton's application proceedings.

Not every remonstrator is eligible to become an intervening remonstrator. ATC correctly contends that a person must show direct injury to become a "party" to an administrative proceeding. In Huffman v. Office of Environment Adjudication, 811 N.E.2d 806 (Ind. 2004), we pointed out that "AOPA itself identifies who may pursue an administrative proceeding." Id. at 809. We noted that under section 3-7 of AOPA a person must be "aggrieved or adversely affected" in order to seek administrative review. Id. at 810 (citing I.C. § 4-21.5-3-7(a)(1)(B)).[4] To seek judicial review a person must exhaust administrative remedies and therefore must have pursued administrative review. I.C. § 4-21.5-5-4. Thus, the standing requirement for judicial review is essentially congruent with the "aggrieved or adversely affected" requirement for administrative review. Huffman defined this as "harm to a legal interest, be it a pecuniary, property or personal interest." Huffman, 811 N.E.2d at 810. Persons who do not meet the standard may remonstrate, but are not entitled to push the process to the next level by seeking administrative or judicial review.

---

[4] Under this section of AOPA a person that seeks administrative review of an agency decision is required to show:
    (A)  the petitioner is a person to whom the order is specifically directed;
    (B)  the petitioner is aggrieved or adversely affected by the order; or
    (C)  the petitioner is entitled to review under any law.
I.C. § 4-21.5-3-7(a)(1).

The ATC regulations reflecting this requirement contemplate an "appeal hearing" at the request of either the applicant (Thornton) or any remonstrator, 905 I.A.C. § 1-36-2(b), but if a remonstrator seeks to trigger an appeal hearing, the ATC must first "determine whether the remonstrator should be permitted to intervene." 905 I.A.C. § 1-36-2(d). That determination, tracking the AOPA requirement for administrative review, requires a showing that the remonstrator will be "aggrieved or adversely affected." Id. at §§ 1-36-2(b), (d). In this case IABR did not initiate the appeal hearing. Rather, it responded to Thornton's objections to the ATC's denial of the permit, and remained a remonstrator, but not an "intervening remonstrator" at the appeal hearing. IABR claims that it did not seek status as an intervenor because it did not object to the Local Board's recommendation or the ATC's initial decision. That may be the case, but if IABR desired to achieve the status of an intervenor to preserve its right to either administrative or judicial review, then it was required to show that it would be "aggrieved or adversely affected" by the agency action and be designated a "party" to the administrative proceedings. IABR did not attempt to meet these requirements. Therefore, IABR was not "a party to the agency proceedings that led to the agency actions" and did not have standing to seek judicial review of the agency's decision.

## Conclusion

The trial court's grant of ATC's motion to dismiss is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

6