FILED

Sep 27 2017, 10:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Michael A. Wukmer
Derek R. Molter
Robert A. Jorczak
Ice Miller, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Patricia C. McMath
Aaron T. Craft
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

21st Amendment, Inc.,

*Appellant-Petitioner,*

v.

Indiana Alcohol & Tobacco Commission,

*Appellee-Respondent.*

September 27, 2017

Court of Appeals Case No.
49A05-1612-PL-2863

Appeal from the Marion Superior Court

The Honorable Heather A. Welch, Special Judge

Trial Court Cause No.
49D01-1606-PL-20999

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, 21st Amendment, Inc. (21st Amendment), appeals the trial court's Order granting a motion to dismiss filed by Appellee-Respondent, the Indiana Alcohol & Tobacco Commission (Commission).[1]

We affirm.

# ISSUE

21st Amendment raises one issue on appeal, which we restate as: Whether the trial court properly dismissed 21st Amendment's petition for judicial review of an administrative decision by the Commission on the basis that 21st Amendment lacks standing.

# FACTS AND PROCEDURAL HISTORY

LD Ventures, Inc. d/b/a Grapevine Cottage (Grapevine Cottage) holds a Type 115 grocery store alcoholic beverage permit, which allows it to sell beer and wine as a "specialty or gourmet food store" in Fishers, Hamilton County, Indiana. (Appellant's App. Vol. II, p. 36). After Grapevine Cottage filed applications with the Commission to renew and transfer the location of its permit, on March 8, 2016, the Hamilton County Local Alcoholic Beverage Board (Local Board) conducted a hearing. 21st Amendment, a permittee

---

[1] We held oral argument in this matter on September 11, 2017, at the Indiana Court of Appeals courtroom in Indianapolis, Indiana. We commend counsel for their excellent advocacy.

authorized to sell alcoholic beverages in Hamilton County and thus a competitor of Grapevine Cottage, appeared at the hearing as a remonstrator. 21st Amendment argued that Grapevine Cottage is ineligible for a Type 115 grocery store alcoholic beverage permit because it does not primarily engage in the sale of specialty foods as statutorily required. Rather, 21st Amendment presented evidence that the bulk of Grapevine Cottage's revenue is derived from alcohol sales. After the hearing, the Local Board voted to approve Grapevine Cottage's applications for renewal and transfer over 21st Amendment's remonstrance. On March 15, 2016, the Commission affirmed the Local Board's decision.

[5] On April 5, 2016, 21st Amendment filed an Objection, Petition for Intervention, and Request for Appeal Hearing with the Commission. 21st Amendment sought to intervene on grounds that it would be "personally aggrieved or adversely affected if the permit is granted" because the value of its own Type 217 package store alcoholic beverage permit would be diluted. (Appellant's App. Vol. II, p. 36). Moreover, 21st Amendment asserted that it "has a statutory right to bring an action to abate the sale of alcohol . . . which constitutes a nuisance." (Appellant's App. Vol. II, p. 37). On May 13, 2016, the Commission denied 21st Amendment's petition to intervene, thereby denying 21st Amendment the right to administratively appeal the renewal and location transfer of Grapevine Cottage's Type 115 grocery store alcoholic beverage permit.

On June 13, 2016, 21st Amendment filed a Verified Petition for Judicial Review pursuant to the Administrative Orders and Procedures Act (AOPA). 21st Amendment contended that it had standing to contest the Commission's decision because it is "directly impacted and aggrieved or adversely affected by the agency's actions," and because it is "a permittee with a statutory right to abate a nuisance." (Appellant's App. Vol. II, p. 18). On August 22, 2016, the Commission filed a Motion to Dismiss 21st Amendment's petition for judicial review pursuant to Indiana Trial Rule 12(B)(6). The Commission argued that 21st Amendment is barred from seeking judicial review of its decision under Indiana law. Alternatively, even if not barred by law, the Commission asserted that 21st Amendment lacked standing to seek judicial review. On September 6, 2016, 21st Amendment filed a response opposing the Commission's Motion to Dismiss, and on October 4, 2016, the Commission filed a response in opposition to 21st Amendment's opposition.

On October 24, 2016, the trial court heard arguments, and on November 22, 2016, the trial court issued an Order granting the Commission's motion to dismiss. The trial court found that

> 21st Amendment cannot seek to abate a public nuisance on petition for judicial review. . . . Abating a public nuisance is <u>not</u> a petition for judicial review. Rather, it is a separate cause of action that allows several individuals, including [an alcoholic beverage] permittee, to enjoin an act, practice, or manner of conducting business by a permittee or by a non-permittee that is contrary [to] a rule or regulation of the [Commission] or the [a]lcohol and [t]obacco statutes provided in the Indiana Code.

(Appellant's App. Vol. II, p. 13). Accordingly, the trial court determined that 21st Amendment lacked standing to proceed on a petition for judicial review. However, because "21st Amendment may still pursue its abatement of public nuisance claim," the trial court accorded thirty days for 21st Amendment to file an amended complaint.

[8] 21st Amendment now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[9] The trial court granted the Commission's Trial Rule 12(B)(6) motion to dismiss based on 21st Amendment's lack of standing. Trial Rule 12(B)(6) allows for dismissal for "[f]ail[ing] to state a claim upon which relief can be granted." A plaintiff's alleged lack of standing falls under the category of failure to state a claim upon which relief can be granted. *Thomas v. Blackford Cnty. Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 990 (Ind. 2009). A motion to dismiss tests the legal sufficiency of a claim, rather than the facts that support it. *Nat'l Wine & Spirits Corp. v. Ind. Alcohol & Tobacco Comm'n*, 945 N.E.2d 182 186 (Ind. Ct. App. 2011), *trans. dismissed*. Thus, when considering a motion to dismiss under Trial Rule 12(B)(6), "the allegations of the complaint are required to be taken as true." *Thomas*, 907 N.E.2d at 990. Only "where it appears that under no set of facts could the plaintiff be granted relief is dismissal appropriate." *Nat'l Wine & Spirits Corp.*, 945 N.E.2d at 186. "A successful 12(B)(6) motion alleging lack of standing requires that the lack of standing be apparent on the face of the

complaint." *Thomas*, 907 N.E.2d at 990. We review rulings on a 12(B)(6) motion to dismiss *de novo*. *Liberty Landowners Ass'n, Inc. v. Porter Cnty. Comm'rs*, 913 N.E.2d 1245, 1249 (Ind. Ct. App. 2009), *trans. denied*. Whether a party has standing is purely a question of law and requires no deference to the trial court's decision. *Common Council of Mich. City v. Bd. of Zoning Appeals of Mich. City*, 881 N.E.2d 1012, 1014 (Ind. Ct. App. 2008).

## II. *Standing Under the AOPA*

[10] The AOPA specifies, in relevant part, that only parties who have standing are entitled to judicial review of a final agency action. *Ind. Ass'n of Beverage Retailers, Inc. v. Ind. Alcohol & Tobacco Comm'n*, 836 N.E.2d 255, 257 (Ind. 2005); *see* Ind. Code §4-21.5-5-2(b). "The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power." *Nat'l Wine & Spirits Corp.*, 945 N.E.2d at 184. "The standing requirement is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." *Id.* (quoting *Schloss v. City of Indianapolis*, 553 N.E.2d 1204, 1206 (Ind. 1990)). The AOPA has specifically delineated that

> [t]he following have standing to obtain judicial review of an
> agency action:
> (1) A person to whom the final agency action is specifically
> directed.
> (2) A person who was a party to the proceedings of the ultimate
> authority that led to the final agency action, including the agency
> whose order was under review in the proceeding.
> (3) A person eligible for standing under a law applicable to the
> final agency action.

> (4) A person otherwise aggrieved or adversely affected by the final agency action.[2]

I.C. § 4-21.5-5-3(a).

[11] Under the AOPA, "a person must be 'aggrieved or adversely affected' in order to seek administrative review" as an intervening remonstrator. *Ind. Ass'n of Beverage Retailers, Inc.*, 836 N.E.2d at 259; *see* 905 IAC § 1-36-2(d). Thereafter, in seeking judicial review, a party must have standing and must have exhausted the administrative remedies—*i.e.*, "must have pursued administrative review." *Ind. Ass'n of Beverage Retailers, Inc.*, 836 N.E.2d at 259. Accordingly, our supreme court has stated that "the standing requirement for judicial review is essentially congruent with the 'aggrieved or adversely affected' requirement for administrative review." *Id.* In this case, 21st Amendment pursued its administrative remedies by petitioning to become an intervening remonstrator and requesting an administrative appeal. The Commission denied 21st Amendment's petition to intervene, in part, on the basis that 21st Amendment was not adversely affected or aggrieved as required for administrative review. In seeking judicial review, 21st Amendment claimed that it had standing not

---

[2] In this case, the trial court also concluded that 21st Amendment lacks standing because it is not personally aggrieved. However, during the hearing, 21st Amendment indicated that while it was not waiving its argument concerning its status as an aggrieved party, it was only actively pursuing its claim that it was statutorily entitled to abate a nuisance and therefore had standing under Indiana Code section 4-21.5-5-3(a)(3). On appeal, 21st Amendment relies primarily on its theory of standing under a law applicable to the final agency action, only briefly mentioning in a footnote that it is also an aggrieved party. We find that 21st Amendment has waived any claim regarding Indiana Code section 4-21.5-5-3(a)(4) on appeal by failing to develop a cogent, appropriately-cited argument. Ind. Appellate Rule 46(A)(8)(a).

because it was adversely affected or aggrieved, but because it had standing under another law applicable to the Commission's action—namely, the public nuisance statutes.

[12] Thus, at issue in this case is Indiana Code section 4-21.5-5-3(a)(3), which accords standing for judicial review if the party has "standing under a law applicable to the final agency action." While our courts have previously decided standing questions under the other subsections of the statute, it appears that our courts have not yet had occasion to address standing under Indiana Code section 4-21.5-5-3(a)(3). Thus, 21st Amendment has presented this court with an issue of first impression.

[13] Statutory interpretation is a matter of law and is reviewed *de novo*. *City of Greenwood v. Town of Bargersville*, 930 N.E.2d 58, 68 (Ind. Ct. App. 2010), *transfer granted and opinion reinstated*. The primary purpose of statutory interpretation "is to ascertain and give effect to" the intent of the legislature. *Id.* (quoting *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008)). The best evidence of legislative intent is the statutory language itself, "and we strive to give the words in a statute their plain and ordinary meaning." *Id.* (quoting *Oddi-Smith*, 878 N.E.2d at 1248). "A statute should be examined as a whole, avoiding excessive reliance upon a strict literal meaning or the selective reading of individual words. The [c]ourt presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id.* (quoting *Oddi-Smith*, 878 N.E.2d at 1248).

Title 7.1 of the Indiana Code governs alcohol and tobacco. It specifically provides that any building or structure where "[a]n alcoholic beverage of any type is sold[ or] possessed" in violation of the law or a rule of the Commission, or "[a] place where alcoholic beverages are kept for sale" in violation of the law or a rule of the Commission, is "declared to be a public nuisance." I.C. § 7.1-2-6-1(a)(1)(A), -(2). Also, "[a]n act or practice, or manner of conducting a business by a permittee contrary to a provision of [Title 7.1] or to a rule or regulation of the [C]ommission, . . . shall also constitute a public nuisance if done, carried on, or permitted to take place in a building or upon a premises in or on which an alcoholic beverage is possessed, kept, stored, or consumed . . . ." I.C. § 7.1-2-6-2.

According to 21st Amendment, Grapevine Cottage's sales practices constitute a public nuisance because they do not comport with Title 7.1. Specifically, evidence presented at the hearing before the Local Board indicates that Grapevine Cottage primarily derives its revenue from the sale of alcohol. Yet, Grapevine Cottage holds a Type 115 grocery store alcoholic beverage permit, and Indiana Code section 7.1-1-3-18.5(a)(4) defines a grocery store, in relevant part, as

> a store or part of a store that is known generally as: . . . a specialty or gourmet food store *primarily engaged* in the retail sale of miscellaneous specialty foods not for immediate consumption and not made on the premises, not including:
> (A) meat, fish, and seafood;
> (B) fruits and vegetables;

(C) confections, nuts, and popcorn; and

(D) baked goods.

(Emphasis added). Thus, 21st Amendment maintains that the Commission should not have renewed Grapevine Cottage's Type 115 permit as Grapevine Cottage's sales run afoul of Title 7.1.

[16] Indiana Code section 7.1-2-6-4 provides that

> [t]he [C]omission, the chairman, the attorney general, a prosecuting attorney, *a permittee authorized to sell alcoholic beverages within the county in which a common nuisance exists*, kept, or maintained, or a number of permittees authorized to sell alcoholic beverages within the county or elsewhere within the state, or a taxpayer of the county, may maintain an action in the name of the state to abate and perpetually enjoin a public nuisance or to abate, or enjoin, or both, a practice, or conduct of a person, whether a permittee or not, in violation of this title or a rule or regulation of the [C]ommission.

I.C. §7.1-2-6-4 (emphasis added). Notwithstanding the merits of the underlying public nuisance claim, based on its statutory right to abate and perpetually enjoin a public nuisance for improper alcohol sales, 21st Amendment now argues that it has standing to pursue judicial review in the instant case because of its "standing under a law applicable to the final agency action." I.C. § 4-21.5-5-3(a)(3).

[17] In this case, the trial court gave 21st Amendment leave to amend its complaint to "style the lawsuit as pursuing an abatement of public nuisance claim under Title 7.1 rather than as a petition for judicial review under [the] AOPA."

(Appellant's Br. p. 19). However, 21st Amendment argues that the trial court's "reasoning misapprehends the plain language of [the] AOPA." (Appellant's Br. p. 19). According to 21st Amendment, the

> AOPA does *not* preclude standing for judicial review where the party's standing is based on a law outside of [the] AOPA that is applicable to the agency action (*e.g.*, Title 7.1), and [the] AOPA does not provide that the party must instead sue under the separate statute that is applicable to the final agency action.

(Appellant's Br. pp. 19-20). If such were the case, 21st Amendment insists that "there would be no use for [Indiana Code section 4-21.5-5-3(a)(3)], as the party would just always have to sue under the separate statute applicable to the agency action." (Appellant's Br. p. 20). Furthermore, 21st Amendment argues that

> [u]nder the Commission's view, the only parties with standing to challenge the issuance of a specialty grocery store permit would be the business that received the illegally issued permit and parties that the Commission granted intervening remonstrator status. That view in effect insulates the Commission's decision from any judicial review, as no business that is improperly issued a permit would seek judicial review, and it is the Commission that decides whether to grant intervening remonstrator status.

(Appellant's Br. p. 24) (internal citation omitted).

[18] We agree with 21st Amendment to the extent that a party with "standing under a law applicable to the final agency action" is not obligated to pursue relief under the separate statute; rather, judicial review under the AOPA is

appropriate in those situations. I.C. § 4-21.5-5-3(a)(3). Here, however, we cannot say that the Commission's issuance of an alcoholic beverage permit constitutes a final agency action to which the public nuisance laws apply. Rather, as the public nuisance statutes establish, it is the conduct of the permittee (*i.e.*, Grapevine Cottage) or conduct otherwise carried on in premises where alcoholic beverages are kept/sold that may give rise to a public nuisance claim. *See* I.C. §§ 7.1-2-6-1; -2. As the alleged nuisance is not the result of the agency's action, but rather the subsequent conduct of the permittee, 21st Amendment does not have standing under Indiana Code section 4-21.5-5-3(a)(3) of the AOPA. As the trial court found, 21st Amendment's statutory right to abate and enjoin a public nuisance for improper alcohol sales must be achieved through a separate nuisance action.[3]

---

[3] In the alternative, 21st Amendment claims that it should be able to pursue judicial review under the public standing doctrine. The public standing doctrine "is an exception to the general requirement that a plaintiff must have an interest in the outcome of the litigation different from that of the general public." *Liberty Landowners Ass'n, Inc.*, 913 N.E.2d at 1251. The public standing doctrine is applicable in cases that involve the "enforcement of a public rather than a private right" and "is limited to extreme circumstances and should be applied with 'cautious restraint.'" *State ex rel. Cittadine v. Ind. Dep't of Transp.*, 790 N.E.2d 978, 980 (Ind. 2003) (quoting *Schloss*, 553 N.E.2d at 1206 n.3); *Liberty Landowners Ass'n, Inc.*, 913 N.E.2d at 1251 (quoting *Cittadine*, 790 N.E.2d at 983). Although noted by neither the Commission nor 21st Amendment itself, we are unable to find any indication in the record that 21st Amendment raised the matter of public standing before the trial court. In fact, we do not find any mention of the term 'public standing' in any filings; rather, 21st Amendment relied solely on the statutory bases for standing under the AOPA. Accordingly, 21st Amendment has waived the issue for our review. *See Liberty Landowners Ass'n, Inc.*, 913 N.E.2d at 1251.

# CONCLUSION

[19] Based on the foregoing, we conclude that the trial court properly granted the Commission's motion to dismiss because 21st Amendment lacks standing to pursue judicial review under the AOPA.

[20] Affirmed.

[21] Najam, J. and Bradford, J. concur