ATTORNEYS FOR APPELLANTS
IFSSA, JENNIFER WALTHALL, AND
BARTHOLOMEW COUNTY DIVISION
OF FAMILY RESOURCES

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin M.L. Jones
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Michael T. Foster
Greensburg, Indiana



FILED

Sep 03 2020, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Family and Social Services Administration; Jennifer Walthall, in Individual Capacity as Secretary of Indiana Family and Social Services Administration; Bartholomew County Division of Family Resources; and Kindred Nursing Care Centers, Limited Partnership,[1] | September 3, 2020<br><br>Court of Appeals Case No. 19A-PL-3039<br><br>Appeal from the Bartholomew Superior Court<br><br>The Honorable Kathleen Tighe Coriden, Judge<br><br>Trial Court Cause No. 03D02-1902-PL-1034 |

---

[1] Although counsel for Kindred did not appear in this Court, and Kindred did not file a brief or participate in this appeal, Kindred is still a party on appeal. *See* Ind. Appellate Rule 17(A) ("A party of record in the trial court or Administrative Agency shall be a party on appeal.").

*Appellants-Respondents,*

v.

Bonnie K. Anderson by
Kimberly J. Everroad, Personal
Representative,

*Appellee-Petitioner.*

**Friedlander, Senior Judge.**

[1] The Appellants the Indiana Family and Social Services Administration (FSSA); Jennifer Walthall, the Secretary of FSSA; and the Bartholomew County Division of Family Resources bring this interlocutory appeal from the trial court's order denying their motion to dismiss Bonnie Anderson's petition for judicial review and complaint for damages. We affirm in part and reverse in part.

[2] The Appellants present three issues for our review, which we restate as one: whether the trial court erred by denying the Appellants' motion to dismiss.

[3] On February 2, 2006, Bonnie Anderson executed a Family Contract for Home Healthcare authorizing reimbursement for family members who provided her with care. In February 2015, Anderson entered a nursing home. She applied for Medicaid and was eventually approved.

[4] In March 2016, the Anderson Family Supplemental Needs Trust was established for Anderson's benefit and was funded by Anderson's farm

property. This trust was an irrevocable trust and was to preserve any governmental assistance Anderson was currently receiving or for which she may have been eligible.

[5] Anderson passed away on July 31, 2018. In October 2018, the FSSA sent notice that a transfer penalty was being imposed upon Anderson's Medicaid benefits from February 1, 2016 through March 27, 2019 on the basis that property had been transferred for the purpose of rendering her eligible for benefits.

[6] Anderson's representative appealed the FSSA determination, and, after a hearing, an ALJ reversed the imposition of the transfer penalty on January 2, 2019. The FSSA requested an agency review of the ALJ's decision, notice of which is dated January 14. On January 17, counsel for Anderson submitted a document demanding that Anderson be reimbursed $80,000 that the trust had been forced to pay to the nursing home because the FSSA incorrectly considered the trust as an available resource of Anderson's. The FSSA later withdrew its request for agency review of the ALJ's decision. Notice of such withdrawal is dated January 24 and states that no further action will be taken on the review.

[7] On February 22, Anderson filed in the trial court a petition for judicial review challenging the ALJ's decision and complaint seeking damages under 42 U.S.C. § 1983. She later amended the petition to, among other things, add Kindred Nursing Care Centers as a defendant.

The Appellants moved to dismiss the petition/complaint on the grounds that Anderson lacked standing to seek judicial review, had failed to exhaust her administrative remedies before seeking judicial review, and had failed to state a claim under §1983. The magistrate presided over a hearing on the Appellants' motion, and the judge, relying on the magistrate's notes from the hearing, later denied the motion. The Appellants requested and were granted approval to file this interlocutory appeal.

### *Lack of Standing*

The Appellants first contend their motion to dismiss should have been granted because Anderson lacks standing to seek judicial review of the ALJ's decision.

"A claim of lack of standing is properly treated as a motion to dismiss under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted." *Bellows v. Bd. of Comm'rs of Cty. of Elkhart*, 926 N.E.2d 96, 113 (Ind. Ct. App. 2010). When we review a ruling on a motion to dismiss under Trial Rule 12(B)(6), the allegations of the complaint are required to be taken as true. *21st Amendment, Inc. v. Ind. Alcohol & Tobacco Comm'n*, 84 N.E.3d 691 (Ind. Ct. App. 2017), *trans. denied* (2018). Dismissal is appropriate only where it appears there is no set of facts under which the plaintiff would be entitled to relief. *Id.* "A successful 12(B)(6) motion alleging lack of standing requires that the lack of standing be apparent on the face of the complaint." *Id.* at 695. The question of whether a party has standing is purely one of law and requires no deference to the trial court's determination; thus, our review of a ruling on a motion to dismiss for lack of standing is de novo. *Id.*

[11] The Administrative Orders and Procedures Act (AOPA) specifies, in relevant part, that only parties who have standing are entitled to judicial review of a final agency action. *See* Ind. Code § 4-21.5-5-2(b) (1986). The doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power. *21st Amendment, Inc.*, 84 N.E.3d 691. To that end, the AOPA provides:

> (a) The following have standing to obtain judicial review of an agency action:
>
>> (1) A person to whom the final agency action is specifically directed.
>>
>> (2) A person who was a party to the proceedings of the ultimate authority that led to the final agency action, including the agency whose order was under review in the proceeding.
>>
>> (3) A person eligible for standing under a law applicable to the final agency action.
>>
>> (4) A person otherwise aggrieved or adversely affected by the final agency action.

Ind. Code § 4-21.5-5-3(a) (2014).

[12] Anderson clearly has standing under Section 4-21.5-5-3(a)(2). Nevertheless, the Appellants argue that Anderson lacks standing because she prevailed in the decision by the ALJ and "received complete relief from the ALJ." Appellants' Br. p. 14. While it is true the ALJ reversed the imposition of the transfer

penalty, Anderson hardly received complete relief. As explained in Anderson's petition for judicial review, the FSSA imposed a transfer penalty against her Medicaid benefits because it determined that property was transferred in order for her to become eligible for benefits. Upon hearing evidence regarding the character of the property and the trust that were involved in the transfer, the ALJ reversed the imposition of the transfer penalty. The ALJ's decision, however, omitted any determination or direction to the FSSA regarding treatment of the property and the trust such that the FSSA "included the trust estate of the Anderson Family Supplemental Needs Trust as available resources of [Anderson] to determine . . . [t]hat [Anderson]'s resources exceed acceptable limits." Appellants' App. Vol. 2, p. 43 (Amended Petition for Judicial Review). The trial court did not err in denying the Appellants' motion to dismiss based upon Anderson's alleged lack of standing.

### *Failure to Exhaust Administrative Remedies*

[13] The Appellants next claim the trial court should have granted their motion to dismiss because Anderson waived her right to judicial review by failing to exhaust her administrative remedies—specifically agency review of the ALJ's decision—prior to petitioning for judicial review as is required under the AOPA. *See* Ind. Code § 4-21.5-5-4(a), (b) (1986) (party may petition for judicial review only after exhausting all administrative remedies; party that fails to timely petition for review of order waives right to judicial review).

[14] The Appellants further cite Indiana Code section 4-21.5-3-29(d) (1986), which requires that, to preserve an objection to an order of an ALJ for judicial review,

a party must object in a writing that identifies the basis of the objection with reasonable particularity and is filed with the reviewing authority within fifteen days after the order is served. Characterizing Anderson's submission as a "response" to their request for review, the Appellants claim Anderson failed to make a request for agency review and therefore failed to exhaust her administrative remedies.

[15] As noted above, the FSSA requested an agency review of the ALJ's January 2 decision reversing the imposition of the transfer penalty, notice of which was sent to Anderson and was dated January 14. On January 17, counsel for Anderson submitted a document stating: "The Applicant demands that the Indiana Family and Social Services Administration reimburse the Applicant for the $80,000 which the Anderson Special Needs Trust was forced to pay to the Kindred Nursing [H]ome in Columbus in June 2016 because the Anderson Special Needs Trust was wrongfully treated as an available resource in contravention of the ALJ Hearing Decision of January 2, 2019." Appellants' App. Vol. 2, p. 36 (Ex. C to Amended Petition for Judicial Review, p. 3). Counsel included on the submission the case number, the hearing case number, the date of the ALJ's decision, and a request for the alternative remedy of remand to the ALJ for an order of payment. The FSSA later withdrew its request for review. Notice of that withdrawal was dated January 24 and was sent to Anderson. The notice states, "Due to this dismissal, no further action will be taken on this Review." *Id.* at 34 (Ex. C to Amended Petition for Judicial Review, p. 1).

Anderson's submission is not a response to the Appellants' request for review but is a request for review in its own right. Anderson clearly sets out her objection with reasonable particularity, even suggesting the alternative remedy of remanding the case to the ALJ, and the Appellants do not suggest that the objection was untimely filed. It is unclear why the agency did not address Anderson's submission, but once it issued the dismissal and stated it would take no further action, Anderson had exhausted her administrative remedies. The trial court did not err by denying the Appellants' motion to dismiss on this basis.

### *§ 1983 Claim*

A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint. *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130 (Ind. 2006). As we observed above, this Court evaluates whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief, and we accept as true the facts alleged in the complaint. *Id.*

Anderson brought a § 1983 claim alleging that the Appellants wrongfully denied her Medicaid benefits, causing her to incur irreparable financial losses. The Appellants assert that the FSSA and Walthall, in her official capacity as Secretary of the FSSA, are not subject to suit under § 1983.

Section 1983 creates a civil action against any "person" who acts under color of state law to deprive an individual of a federal right. 42 U.S.C.A. § 1983. Although for § 1983 purposes the term "person" does include a state's political

subdivisions, the U.S. Supreme Court has held that the term does not include a state or its administrative agencies. *J.A.W. v. State, Marion Cty. Dep't of Pub. Welfare*, 687 N.E.2d 1202 (Ind. 1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Thus, Anderson cannot maintain a § 1983 action against the FSSA and the Bartholomew County Division of Family Resources, as they are administrative agencies of the state.

[20] We turn now to Secretary Walthall. Although Anderson's petition/complaint is captioned as "Jennifer Walthall, in *Individual Capacity* as Secretary of Indiana Family and Social Services Administration," Anderson states her claims are against Walthall in her official capacity. Appellants' App. Vol. 2, p. 40 (Amended Petition for Judicial Review) (emphasis added); Appellee's Br. pp. 15-16.

[21] A state official in her official capacity is a "person" under § 1983 when sued for injunctive (prospective) relief. *Crouch v. State*, 147 N.E.3d 1026 (Ind. Ct. App. 2020) (citing *Will*, 491 U.S. at 71, 109 S. Ct. at 2312). Anderson has not requested injunctive relief; rather, she seeks an award of Medicaid benefits for the nursing home costs, an award of attorney fees, reimbursement for the value of the farm property, and an award for emotional distress. Appellants' App. Vol. 2, p. 46 (Amended Petition for Judicial Review). Accordingly, Anderson cannot maintain a § 1983 claim against Walthall in her official capacity.

[22] Based on the foregoing, we conclude the trial court did not err by denying the Appellants' motion to dismiss Anderson's petition for judicial review. We

conclude it was error for the court to deny the Appellants' motion to dismiss Anderson's complaint for damages setting out a § 1983 action because such action may not be maintained against the FSSA, the Bartholomew County Division of Family Resources, or Walthall in her official capacity.

Judgment affirmed in part and reversed in part.

Bradford, C.J., and Najam, J., concur.